# Chase *versus* Irvin *et al.*, Executors.

1. In ejectment by executors in whom title vested *extra* the will of testator the defendant is inadmissible as a witness in his own behalf, under the Act of 1869, as to the declarations of the deceased grantor of plaintiffs.

2. The rule that one claiming the equitable title to land, as against his vendor, who is rightfully in possession, and to whom the purchase-money has not been fully paid, cannot recover in ejectment, without a tender of such purchase-money first having been made, does not obtain where the vendor, claiming under an adverse title, intrudes upon the lawful possession of his vendee.

3. In order that a former ejectment may have force as evidence in a subsequent suit, it is necessary that it should have been not only between the same parties, and for the same land, but also that it should have involved the same title.

June 7th 1878. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and TRUNKEY, JJ.

[Chase *v.* Irvin.]

Error to the Court of Common Pleas of *Clearfield county :* Of May Term 1878, No. 26.

Ejectment by E. A. Irvin and James B. Graham, executors of William Irvin, deceased, against John M. Chase, to recover possession of one hundred acres of land, part of a larger tract of land surveyed in pursuance of a warrant dated June 8th 1784, granted by the Commonwealth of Pennsylvania to William King. In 1835 the title to one hundred acres of this William King tract was vested in Isaac Dunlap, who, in 1842, conveyed the same to Stacy W. and Isaac Thompson. In 1846 William Irvin bought this land at sheriff's sale on a judgment which he had against the Thompsons. On the 19th day of September 1859, an article of agreement was entered into between Stacy W. Thompson and William A. Dunlap, in which Thompson sold these one hundred acres to Dunlap for the consideration of $800, a part of which has been paid by Dunlap. In 1864, William Irvin who, it appears, held the legal title of these one hundred acres from 1846 to 1864, made a deed to Stacy W. Thompson, thereby vesting the legal title in Thompson. In 1865 a judgment was obtained against William A. Dunlap in favor of William Irvin, which became a lien upon the interest of Dunlap in the land purchased from Thompson. The lien was kept alive by revival until in 1874, when these one hundred acres were levied upon by the sheriff and sold to D. L. Krebs, Esq., who was acting as the attorney of the executors of William Irvin. Krebs subsequently made a deed to E. A. Irvin and James B. Graham, the executors of Irvin, who are the plaintiffs in this action. Thompson conveyed the legal title to John M. Chase, the defendant, by deed dated the 19th day of June 1868, and recorded on the 15th day of March 1869.

Chase, the defendant, claimed title under a warrant to George Scuff, surveyed in 1793, and that he afterwards, on June 19th 1868, obtained from the Thompsons a deed for their interest in the land.

At the trial, before Mayer, P. J., the defendant, inter alia, made the following offer :—

Defendant offers in evidence, in connection with the testimony of William A. Dunlap, under whom plaintiffs immediately claim, record of Court of Common Pleas of Clearfield county, January Term 1859, John M. Chase *v.* Stacy W. Thompson *et al.*, showing suit brought January 4th 1859, for the land now in dispute. Verdict, with draft attached, identifying the land, filed for plaintiff, June 22d 1866. Also, record of estrepement in same case, and filing of bail, the same to be followed by record in Supreme Court, July Term 1866, affirming the judgment entered upon said verdict in the court below; to be offered upon the question of notice of Mr. Chase's claim to William Dunlap, prior to his purchase from

[Chase *v.* Irvin.]

Thompson, September 19th 1859, and as persuasive evidence upon the question at issue.

Objection. Excluded. Sixth assignment of error.

The defendant was then offered as a witness on the part of the defence, for the purpose of showing by his testimony his improvement of the George Scuff tract, and his possession of the same, and that Isaac Dunlap, under whom plaintiffs claim, admitted by his declaration to Chase, while he (Dunlap) was on the William King survey, that the line, north fifty degrees east, from the red oak corner of the Scuff survey was the boundary between the George Scuff and William King, and that William A. Dunlap, under whom plaintiffs claim, made the same admissions. Also, to prove admissions of Daniel Bowman, under whom plaintiffs claim, to same effect.

Objection. Excluded. Seventh assignment of error.

Among the points submitted by the defendant the sixth was as follows, the refusal of which constituted the fourth assignment of error:

The plaintiffs claim title through William A. Dunlap, who purchased the land in controversy from Stacy W. Thompson, by articles of agreement, dated September 19th 1859, for the sum of $800. No deed having been made to them or their vendor, they have at most but an equitable title, and cannot recover without proving that they have paid all the purchase-money, or made a tender thereof, before the bringing of this suit, and unless the jury are satisfied from the evidence that this was done, their verdict must be for the defendant.

The following portion of the general charge constituted the fifth assignment of error:

"If the plaintiffs are entitled to hold this land, and the jury should so conclude from the evidence, it will be their duty to find a verdict for the defendant for the land, conditioned upon the payment by the plaintiffs of whatever amount of purchase-money and interest they may find to be unpaid upon the articles of agreement between Thompson and Dunlap. They can in their verdict fix a time when the purchase-money shall be paid."

The verdict was for the defendant for the land, conditioned upon the payment to plaintiffs of $400, and after judgment defendant took this writ, his assignments of error, among others, being those above noted.

*Murray & Gordon*, for plaintiffs in error.—A conditional verdict cannot remedy the plaintiffs' failure to either tender or pay the purchase-money before suit brought: Snyder *v.* Wolfley, 8 S. & R. 332; Thomas *v.* Wright, 9 Id. 87; Chahoon *v.* Hollenback, 16 Id. 433; Smith *v.* Webster, 2 Watts 486; Gore *v.* Kinney, 10 Id. 140; Cadwalader *v.* Berkheiser, 8 Casey 43. The offer, covered by the sixth assignment, was admissible on the question of notice: Murphy *v.* Nathans, 10 Wright 514; Bolin *v.* Connelly,

[Chase v. Irvin.]

23 P. F. Smith 336.   And as persuasive evidence, Koons v. Hart-
man, 7 Watts 25; Wilson v. Bigger, 7 W. & S. 124; Levers v.
Vanbuskirk, 4 Barr 315; Beck's Executors v. Graybill, 4 Casey
66; Soper v. Guernsey, 21 P. F. Smith 222.   Neither William
Irvin nor Isaac Dunlap were assignors of the contract, or anything
in action within the meaning of the Act of 1869, so as to exclude
the defendant: Karns v. Tanner, 16 P. F. Smith 304; Hanna v.
Wray, 27 Id. 29; Mann v. Wieand, 4 W. N. C. 10; Strawbridge
v. Catanach, 4 Id. 177; Gyger's Appeal, 24 P. F. Smith 48;
LcFerren v. Mt. Alto Iron Co., 26 Id. 188.

*Wallace & Krebs* and *McEnally & McCurdy*, for defendants in
error.—Plaintiffs were properly parties on record as executors, and
being so defendant was not a competent witness: Taylor v. Kelly, 30
P. F. Smith 95.   When the vendor is lawfully in possession of
land, and the vendee has only an equitable title, and has not paid
the purchase-money, and the vendor, who, in such case, is but a
trustee of the legal title for the vendee, acts in good faith in respect,
to his trust towards the vendee, then, as a general rule, the vendee
must first pay, or tender the purchase-money before he can main-
tain ejectment.   But where the vendor acts in bad faith, by claim-
ing in opposition to his trust, or by unlawfully taking possession in
violation of the rights of the vendee, then the vendee may recover
his possession by action of ejectment without a previous payment or
tender of the purchase-money: Harris v. Bell, 10 S. & R. 39;
D'Arras v. Keyser, 2 Casey 249; Keller v. Auble, 8 P. F. Smith
410.

Mr. Justice Gordon delivered the opinion of the court, June
17th 1878.

In order to save a judgment belonging to the estate of William
Irvin, the executors above named, took an assignment from Mr.
Krebs, their attorney, of a sheriff's deed for the land in suit, which
had been sold as the property of William A. Dunlap, on an execu-
tion issued from a judgment belonging to J. B. Graham & Son.
This was altogether proper, and the title being in this manner
vested in Irvin and Graham, they were the proper persons to insti-
tute and maintain this suit.

But as the title to the land vested in them *extra* the will of the
testator, they hold not as executors but as trustees; the trust arising
from the duty and good faith due from them to the estate intrusted
to their care.   The action, then, not being one by executors, it does
not, for this reason, fall within the proviso of the Act of 1869, and
had there been nothing else in the way, the defendant might have
been admitted as a witness in his own behalf.   But the offer, cov-
ered by the defendant's seventh assignment, proposed proof, by
Chase, of the declarations of Isaac Dunlap, the deceased assignor

6 Norris—19

[Chase *v.* Irvin.]

of the title claimed by the plaintiffs, as to the lines of the land in controversy. In other words, Chase, himself being witness, proposed to make title in himself through the declarations of a grantor of the plaintiffs, that grantor being dead. But this was within the proviso of the statute as interpreted by the case of Karns *v.* Tanner, 16 P. F. Smith 297, and was, therefore, properly rejected.

The defendant's sixth point was well ruled. Whilst it is undoubtedly true, that one claiming the equitable title to land, as against his vendor, who is rightfully in possession, and to whom the purchase-money has not been fully paid, cannot recover in ejectment without a tender of such purchase-money first having been made; yet such is not the rule where the vendor, claiming under an adverse title, intrudes upon the lawful possession of his vendee: Harris *v.* Bell, 10 S. & R. 39. In such case, full justice is done by a conditional verdict such as the court directed in the present case.

The next, and only other assignment, which we think necessary to notice, is the sixth. This covers the rejection of the record of the Court of Common Pleas of Clearfield county, showing an action of ejectment brought to January term 1859, by John M. Chase against Stacy W. Thompson *et al.*, in which there was a verdict for the plaintiff on the 22d of June 1866. This was offered as notice to William A. Dunlap of Chase's claim prior to his purchase from Thompson, and as persuasive evidence on the question in issue.

The first part of this proposition amounts to nothing, for, at the time of Dunlap's purchase, the claim of Chase was adverse to the title under which Dunlap held and unconnected with it, so that the question of notice was not in the case, since, if Chase were entitled to the property under his Scuff title, he would recover without regard to whether his adversaries had or had not notice. As to the latter part of the offer, that must depend upon whether or not the plaintiff's title was passed upon in that action. To ascertain this we must next revert to that title. It seems that the property in controversy was covered by a warrant from the Commonwealth to William King, dated June 8th 1784, which was duly surveyed and returned to the land office in 1785. Afterwards, in 1835, one hundred acres of the land covered by the above-named warrant vested in Isaac Dunlap who, on the 26th of December 1842, conveyed the same to Stacy W. and Isaac Thompson. In 1846 William Irvin bought this property at a sheriff's sale upon a judgment which he held against the Thompsons. Whilst Irvin thus held the land, Stacy W. Thompson agreed, by articles, dated September 19th 1859, to sell the same to William A. Dunlap, whose equity, as we have already shown, the plaintiffs now own, and in 1864 William Irvin reconveyed, by deed, to Thompson, Dunlap's vendor. On the other hand, at the time of the trial of the ejectment in 1866, the defendant, Chase, claimed title under a warrant to one George Scuff, surveyed in 1793, and he afterwards, June 19th 1868, obtained

[Chase *v.* Irvin.]

from the Thompsons, a deed for their interest in the premises now in dispute.

It is thus apparent, that at the time of the commencement of the ejectment mentioned in the defendant's offer, Stacy W. Thompson had no title to the land then claimed by Chase. Now, in order that a former ejectment may have force as evidence in a subsequent suit, it is necessary that it should have been not only between the same parties and for the same land, but also that it should have involved the same title : Treaster *v.* Fleisher, 7 W. & S. 137. Here, however, the title, now in controversy, was not involved in the prior ejectment, inasmuch as Thompson had no title whatever at the impetration of that writ. It is true, that having obtained a deed from Irvin, before the time of the trial, he might have used it as he might have used any outstanding title, but, as at that time, by reason of his previous sale to Dunlap, he had but the legal title the verdict could only operate, if at all, upon that title.

The judgment is affirmed.