## Paschall v. Fels, Appellant.

*Evidence—Witness—Party dead—Easement—Adverse possession—Deed —Act of May 23, 1887.*

A witness cannot make title in himself to a thing or contract in action by his own testimony of what occurred in the lifetime of his grantor that grantor being dead.

Where a mother by a deed grants an easement in land to her daughter, and more than twenty-one years thereafter conveys the land without reference to the easement to another, and subsequently dies, and where in a proceeding between the daughter and the grantee in the second deed to determine the existence of the easement, the grantee offers evidence of the mother's continuous and adverse use of the land without regard to the

easement, and the daughter's acquiescence in such use for more than twenty-one years prior to the mother's death, the daughter and her husband are not competent witnesses to show use by the daughter of the easement granted to her during the period of twenty-one years.

Argued March 27, 1903. Appeal, No. 74, Jan. T., 1903, by defendant, from decree of C. P. No. 2, Phila. Co., June T., 1902, No. 2, on bill in equity in case of Emily Connell Paschall v. Joseph Fels. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Reversed.

Bill in equity for an injunction. Before WILTBANK, J.
Plaintiff in her bill averred as follows :

1. That she was the owner of a lot of ground on the northeast side of a sixty feet wide street laid out by George Connell, and called in the act of assembly approved February 13, 1869, " Sixty-first street," and at the distance of 177 feet northwestward from the northwest side of Kingsessing avenue, containing in front on said Sixty-first street, sixty feet, and extending northeastward between lines parallel with Kingsessing avenue 166 feet, six inches—the same being conveyed to her by Elizabeth Connell—" Together with the free use and privilege of said sixty feet wide street called Sixty-first street, in common with all other owners, tenants, or occupants of lots bounding thereon, at all times hereafter forever." She also alleged that she was the owner by virtue of a deed from the same grantor of the lot between the one above described and Kingsessing avenue whose southwestern boundary was the said Sixty-first street.

2. That the lots were sold according to a plan made by different persons and the said Sixty-first street was laid out and opened by them and that the general assembly of the commonwealth of Pennsylvania confirmed the plan of Sixtieth and Sixty-first streets at this place.

3. That the city of Philadelphia placed this section of the said Sixty-first street on the city plan and that it in September, 1884, removed that part of said Sixty-first street from the city plan between Kingsessing avenue and Springfield street which included that portion of said Sixty-first street on which plaintiff's lots abutted.

4. That from the time of the grant by Elizabeth Connell in

June, 1875, to the plaintiff of the lot first described above to the present time, a period of twenty-seven years, the plaintiff had occupied and used in an open, notorious, continuous and adverse manner said Sixty-first street as a roadway and driveway.

5. That the defendant had disregarded the plaintiff's right to the use of the said Sixty-first street and had entered upon the said Sixty-first street and proceeded to erect and maintain a fence and gate along and across the entire front of said Sixty-first street and had threatened to close and keep closed the said gate and to permanently occupy and use said sixty feet wide strip.

Complainant prayed as follows :.

(*a*) That the defendant be compelled to remove said fence and gate and be enjoined from re-erecting the same.

(*b*) That the defendant be enjoined from interfering with the plaintiff's use and occupation of Sixty-first street.

(*c*) That the defendant be restrained from interfering with the plaintiff in the event of her erecting a building fronting on said Sixty-first street and looking to the use of said Sixty-first street.

(*d*) That a decree should be entered that the plaintiff had the right to the use of said Sixty-first street of the width of sixty feet to Chester avenue as a means of ingress and egress to her lots and that she had the right to erect buildings on her lot fronting on said Sixty-first street with the right to use said Sixty-first street.

The answer of the defendant was briefly as follows :

1. It admitted the averments in the first paragraph of the plaintiff's bill.

2. It admitted the averments in the second paragraph of the plaintiff's bill as to the lots being sold according to plans and the confirmation of the plan by the act of assemby, but it denied that said Sixty-first street was opened.

3. It admitted the averments of the third paragraph of the plaintiff's bill.

4. It denied the averment in the fourth paragraph of the plaintiff's bill that she had used and occupied the said sixty feet wide strip of land in an open, notorious, continuous and adverse manner as a roadway and driveway, and averred that

the defendant and the prior owner of his title for more than twenty-one years had had exclusive, actual, visible, peaceable, continued, uninterrupted, adverse, open, notorious and hostile possession of said strip and had maintained the fence and gate complained of for that length of time and that the plaintiff had abandoned, surrendered and lost her alleged right to use said strip.

5. It admitted that the defendant had disregarded the title and right of use of the plaintiff of, in and to said strip, and that he did persist in going to and fro over the said strip and he denied that he had erected the gate and fence complained . of, and averred that it was erected by his grantor and maintained for more than twenty-one years. It admitted that defendant determined to close and keep closed the gate and occupy said strip to the exclusion of plaintiff.

At the trial the court admitted, under objection and exception, testimony of complainant and her husband as to matters occurring prior to the death of Elizabeth Connell, the common grantor of plaintiff and defendant.

The court entered a decree granting the relief prayed for by the bill.

*Errors assigned* were (1, 2) admission of testimony of plaintiff and her husband; (22) decree of the court.

*Dimner Beeber*, with him *J. Levering Jones*, for appellant.— Plaintiff was incompetent: Karns v. Tanner, 66 Pa. 297; Arthurs v. King, 84 Pa. 525; Chase v. Irvin, 87 Pa. 286; Hess v. Gourley, 89 Pa. 195; Crothers v. Crothers, 149 Pa. 201; Baldwin v. Stier, 191 Pa. 432; Robbins v. Farwell, 193 Pa. 37.

It is clearly established that where the husband or wife is incompetent under the act of 1887, the wife or husband is also incompetent: Bitner v. Boone, 128 Pa. 567; Sutherland v. Ross, 140 Pa. 379.

*Henry A. Hoefler*, with him *William Grew*, for appellee.

OPINION BY MR. JUSTICE DEAN, October 12, 1903:

In June, 1875, Elizabeth Connell conveyed by deed to her daughter, this plaintiff, a lot on the northeast side of a plot-

ted but unopened street, 177 feet northwest of Kingsessing avenue, in the city of Philadelphia and parallel with the avenue 166½ feet, with the further privilege of the free use of a sixty feet wide street, called Sixty-first street, in common with all other owners and tenants of lots abounding thereon forever. The lots were sold according to plots made and recorded. In December, 1876, she conveyed to her daughter another lot embracing all the ground between the first lot and Kingsessing avenue and bounded on the southwest by Sixty-first street; but this deed granted no such privileges on Sixty-first street as did the first deed. Soon after taking possession of her lots the plaintiff planted a close hedge along the entire line on Sixty-first street, except for fifteen feet at the Kingsessing end, where there was a passage through for persons and vehicles; plaintiff ever since she took possession dwelt in a house erected on the two lots; her mother lived on her own property several hundred feet off, from the date of the deed until the mother's death in September, 1899. Through the opening in the hedge the mother and daughter visited each other passing through gates and over a road which defendant alleges were maintained by the mother and himself on the mother's property, up to the time of filing this bill, more than twenty-one years after the deed to plaintiff. Plaintiff filed her bill to compel the removal of the gates. The defendant, who is a lot owner opposite plaintiff, averred that Sixty-first street had never been opened as a street; that he and contiguous lot owners had been in open, continuous adverse possession of it for more than twenty-one years previous to the filing of the bill; that whatever privileges plaintiff might have claimed on the street under the deed from her mother had been abandoned by her for more than twenty-one years by maintaining a close-set hedge along Sixty-first street on the line of her property which effectually barred access to the street from her lots.

In its facts the court finds that Mrs. Connell was the owner in 1876 and 1877 of all the land out of which were carved both the lots of plaintiff and defendant and that in those years she conveyed both, recognizing in her daughter's deed that Sixty-first street bounded her property on one side and that the grantor recognized this street as in existence according to the recorded plan, in the conveyance of a large number of lots about the same

time and subsequently.  That Sixty-first street by city ordinance and by act of assembly had been authorized to be opened according to the plan although never in fact opened; all of the court's findings of facts are in favor of plaintiff.  The court further found that defendant had unlawfully erected a fence and gate across Sixty-first street; it therefore directed the removal of the same and enjoined defendant perpetually from further trespassing on plaintiff's rights.

At present, we do not pass upon the assignments which complain of error in the findings of facts; assuming them to be. correct as found, we think the conclusions of law must follow. But before we can review the case satisfactorily, we are met at the threshold by an assignment of error to the court's ruling on a part of the evidence.  Both Emily Connell Paschall, the plaintiff and her husband, Robert Paschall, testified.  Both witnesses were objected to by defendant as incompetent, but the court overruled the objection and heard their testimony. Were they competent?   Mrs. Connell, thegrantor of the lots owned by both plaintiff and defendant, died in 1899; this bill was filed July 2, 1902.  The deeds of both plaintiff and defendant have their source in a common grantor, Elizabeth Connell.   The defendant under his description in his deed claims as his northeastwardly boundary, the land of Emily C. Paschall disregarding Sixty-first street as her boundary.  At the date of this deed all the land, both the bed of the street and the lots of defendant, were owned by the grantor, Elizabeth Connell, and apparently, there being no visibly opened street on the face of the papers, she had a right to make the grant, subject to the easement already granted to Emily Paschall, which was " the free use and privilege " of Sixty-first street. This deed to defendant was made December 31, 1898, plaintiff's on June 9, 1875.   Plaintiff averred in her bill the easement and the continued existence of it from the date of her occupancy; the defendant answered that she had abandoned any claim thereto by planting the hedge which cut her off from the street and by no attempt to assert her right for more than twenty-three years, and that during this period her mother had used the land of the street exclusively as her own and then for the width of his lots had conveyed it to him up to plaintiff's boundary; in other words, that from the date of plaintiff's deed, Mrs.

Connell and those claiming under her for a period of over twenty-five years had been in open, continuous, notorious, and hostile possession.

On the issue as framed and tried the "thing or contract" in action was the existence of plaintiff's right to the easement at the time suit was brought; not whether it had once been granted, for that was plain by the deed; but the grantee by unequivocal acts could, without deed, relinquish or cease to stand on her rights; and if for twenty-one years she had acquiesced in the assertion of a hostile right to the street by her mother, the court was bound to find as a fact that plaintiff had abandoned her right; that its existence had terminated.

The defendant adduced evidence from a number of witnesses in support of his answer, that during the life of the grantor and for more than twenty-one years that street had been closed by a gate and fence; plaintiff and her husband both testified that they had exit from and entrance to their property from the commencement of their occupancy, through the fifteen feet opening in the hedge to Sixty-first street, and then went to the right if going to her mother's or to the left if going to Kingsessing avenue over the bed of the street; plaintiff testifies that once her mother asked permission to put a gate and fence on the street and that she, the plaintiff, gave such permission for a short time, but that the street had been in constant use by her during the whole time of her occupancy.

The court's fourteenth finding of fact refused to find as requested by defendant, that Elizabeth Connell and defendant had been in possession of Sixty-first street hostile to the easement of plaintiff for twenty-one years or that with acquiescence of plaintiff they had obstructed it.

It may be, that without the oral testimony of plaintiff, the court might have found sufficient material facts in favor of plaintiff on which to base its conclusions of law in her favor, but we cannot certainly tell and, therefore, we consider the first and second assignments of error, that complain of the admission of testimony of the plaintiff and her husband.

Under clause e of section 5 of the act of the 23d of May, 1887, "Nor where any party to a thing or contract in action is dead . . . . and his right thereto or therein . . . . has passed either by his own act or act of the law to a party on the record who

represents his interest in the subject in controversy, shall any surviving or remaining party to such thing or contract or any other person whose interest shall be adverse to the said right of such deceased . . . . be a competent witness to any matter occurring before the death of such party."

Clearly, the thing in controversy was the alleged easement claimed by the plaintiff; if plaintiff had abandoned the easement, then the land of the grantor unincumbered by it was in the grantor Elizabeth Connell and her conveyance to the defendant passed the land to him free from it; he, the defendant of record, represented her, and plaintiff's testimony was directly hostile to the alleged claim of the mother established by the conveyance of the street to defendant; by Elizabeth Connell's own act her right to the thing in action had passed to Fels; but according to plaintiff's testimony the right of the mother to impair or deprive the daughter of the easement did not exist. The case, it seems to us, is within the express words of the act of 1887, which are the same as those of the act of 1869, under which Karns v. Tanner, 66 Pa. 297, was decided, which was followed by Arthurs v. King, 84 Pa. 525, Chase v. Irvin, 87 Pa. 286, and many other cases. All invariably hold that a witness cannot make title in himself by his own testimony of what occurred in the lifetime of his grantor, that grantor being dead.

Noticing the testimony of Mrs. Paschall we see at once the inequality in the position of the parties created by the death of Mrs. Connell; the latter closed up the alleged street by a gate and fence which effectually deprived Mrs. Paschall of her easement; a most significant act hostile to it and an assertion of absolute ownership of the bed of the street; but the testimony of Mrs. Paschall and her husband is, that the gate and fence were put there by Mrs. Connell only for a short time and then by their express permission, thus directly negativing the hostility of the act and distinctly affirming Mrs. Paschall's right to the easement; but at the trial Mrs. Connell's mouth had been closed by death. By her deed to defendant's grantor she had distinctly asserted a right to the land and a right to obstruct the alleged street by a fence and gate. If she had survived she might have been called as a witness by defendant and have denied asking or getting permission to put

up the fence and gate; but being grantor of both parties to the record of the thing or contract in action and being dead, each party under the settled interpretation of the act of 1887 was barred from the witness stand.

We see no essential distinction in the facts between the many decided cases and those appearing in this one. The acts of 1869 and 1887, it is true, are enabling acts and should be construed liberally so as to effect their purpose, but where the exclusion of a witness is plain we cannot in the teeth of the act declare her competent. By the same legislation the husband is incompetent: Sutherland v. Ross, 140 Pa. 379. We are reluctant to reverse the decree because the issue was, with the exception of this one error, well and carefully tried by the learned judge of the court below; and it may be that on the other evidence before him he might have found such facts as would have warranted the same decree, but we are not willing that our long line of decisions from Karns v. Tanner, supra, down, shall be shaken by not calling attention to this conspicuous error.

The argument of appellee, that the assignment of error to the ruling on the admission of the evidence of plaintiff, ought to be disregarded because not in accordance with rule No. 31 of this court, has been met, by proper assignment with leave of court, a copy of which has been appended to appellant's paper-book. The decree of the court below is reversed and it is directed that a rehearing of the issue be had in the court below.