## Pattison *v.* Cobb, Appellant.

*Evidence—Competency of witness—Party dead—Interest of witness—Discharge in bankruptcy.*

In an action by the executors of the payee of a judgment promissory note against the maker, the guarantor of the note is not a competent witness to prove payment of the note in the lifetime of the holder ; and this is the case although the guarantor may have been discharged in bankruptcy after he made the guaranty.

Argued Oct. 30, 1903. Appeal, No. 176, Oct. T., 1903, by defendant, from order of C. P. Potter Co., June T., 1896, No. 289, dismissing exceptions to report of referee in case of C. L. Pattison & Company to use of Anna S. Pattison and Orville Pattison, Executors of Charles L. Pattison, Deceased, v. H. H. Cobb. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Issue to determine the validity of a judgment entered on a judgment note.

The case was referred to J. W. Bouton, Esq., as referee.

The referee reported in favor of the plaintiff the sum of $1,221.88.

Exceptions to the report of the referee were dismissed by the court.

*Errors assigned* were in dismissing the exceptions relating to the evidence referred to in the opinion of the Superior Court.

*W. I. Lewis,* with him *Seibert & Lillibridge,* for appellant, cited : Morse v. Hovey, 1 Sandford, 187 ; Boas v. Hetzel, 3 Pa. 298; Sheetz v. Hanbest, 81 Pa. 100.

*J. N. Peck,* of *Peck, Stone & Dubois,* with him *A. S. Heck,* for appellees, cited: Cake v. Cake, 162 Pa. 584; Kauss v. Rohner, 172 Pa. 481; Krumrine v. Grenoble, 165 Pa. 98; Fross's App., 105 Pa. 258; Irwin v. Shumaker, 4 Pa. 199; Karns v. Tanner, 66 Pa. 297; Duffield v. Hue, 129 Pa. 94.

OPINION BY HENDERSON, J., July 28, 1904:

The two assignments of error raise a single question: was the witness Chase competent to testify to transactions occurring in the lifetime of Charles L. Pattison. It appeared at the trial before the referee that the defendant executed and delivered, or caused to be delivered, his judgment promissory note dated June 13, 1895, to C. L. Pattison & Company for $860.05. On the back of the note was written a guaranty to C. L. Pattison & Company of the payment of the note, signed by the firm of Cobb & Chase, of which the witness was a member. It further appeared that C. L. Pattison was the sole owner of the business carried on in the name of C. L. Pattison & Company, and that he died after the note was delivered and before proceedings were instituted for its collection. It was proposed by the defendant to prove by the witness that the note had been in fact paid. The question at issue was therefore the existence of the debt represented by the note which the witness had indorsed, and the payment of which he had guaranteed. The note so guaranteed was the thing or contract in action, and the witness was a party thereto. The right of the payee having passed by his death to his executors, the plaintiffs, the remaining parties, are not competent witnesses to any matter occurring before the death of the other party. Clause *e* of section 5 of the act of 1887 provides that " where any party to a thing or contract in action is dead . . . . and his right thereto or therein has passed . . . . to a party on the record who represents his interest in the subject in controversy . . . . the remaining party to such thing or contract, or any other person whose interest shall be adverse to the said right of such deceased . . . . party " shall be incompetent to testify to any matter occurring before the death of the other party. This language of the act brings the witness within one of the excepted clauses and renders him incompetent to testify to any matter occurring in the lifetime of the payee of the note. This

conclusion is necessary to prevent that inequality which would exist if the door were thrown open to surviving parties when the mouth of the other party was closed. This consideration led to the enactment of the proviso in the act of 1869, and the same provision was brought forward into the act of 1887.

Two classes of witnesses are disqualified under clause *e* of the act of 1887 ; (1) surviving or remaining parties to a thing or contract; (2) any other person whose interest shall be adverse to the right of a deceased or lunatic party. Section 6 of the act provides a mode by which persons whose interests are adverse may be made competent to testify, but this applies to the second class above indicated, and not to those who are parties to the thing or contract in action. As to the latter class, the exclusion is on grounds of policy because of the unequal situation of the litigants. While it may be, as contended by the appellant, that the witness offered was rendered disinterested by his discharge in bankruptcy, the objection to his competency is not one of interest but of policy to prevent inequality and the undue advantage which the survivor to a thing or contract would acquire if made competent to testify. The acts of 1869 and 1887 are undoubtedly enabling statutes, yet, notwithstanding the great extension of the capacity of witnesses, there is a manifest intention to maintain the equality existing before the adoption of these statutes where one of the parties to the subject of controversy has become incapacitated to testify : Karns v. Tanner, 66 Pa. 297 ; Fross's Appeal, 105 Pa. 258 ; Duffield v. Hue, 129 Pa. 94 ; Paschall v. Fels, 207 Pa. 71.

The referee was not in error in excluding the testimony proposed. The judgment is therefore affirmed.