## Pattison *v.* Cobb, Appellant.

*Evidence—Competency of witness—Party dead—Interest of witness—Discharge in bankruptcy.*

In an action by the executor of the payee of a judgment promissory note against the maker, where there is a guaranty of the note indorsed on the back of it, and the contract of guaranty is solely between the guarantor and the payee, the guarantor of the note is a competent witness to prove payment of the note in the lifetime of the payee, if it appears that the guarantor had been discharged in bankruptcy after he made the guaranty and over five years after the obligation of the maker of the note had matured.

Argued May 16, 1905. Appeal, No. 287, Jan. T., 1904, by defendant, from judgment of Superior Court, Oct. T., 1903, No. 176, affirming judgment of C. P. Potter Co., June T., 1896, No. 289, dismissing exceptions to report of referee in case of C. L. Pattison & Company to use of Anna S. Pattison and Orville Pattison, Executors of Charles L. Pattison, deceased v. H. H. Cobb. Before MITCHELL, C. J., FELL, BROWN, POTTER and ELKIN, JJ. Reversed.

Appeal from judgment of Superior Court.

The facts appear by the opinion of the Supreme Court, and Pattison v. Cobb, 26 Pa. Superior Ct. 72.

*Errors assigned* amongst others was the judgment of the Superior Court.

*John G. Johnson,* with him *Seibert & Lillibridge, W. I. Lewis* and *Arch. F. Jones,* for appellant.—Chase was not a party to the contract in action, but merely an independent and separate contractor in a contract which was not in suit. He was not a party to the record. If excluded, therefore, it was simply because of his "interest."

When Chase was offered as a witness in a suit against H. H. Cobb upon a contract to which he was not a party, he could have been excluded merely because of adverse interest. The discharge in bankruptcy destroyed the possibility of such averment.

*J. Newton Peck,* with him *Stone & DuBois,* for appellees,
cited: Arthurs v. King, 84 Pa. 525; Mizner v. Spier, 96 Pa.
533; Zahm v. First Nat. Bank, 103 Pa. 576; National Loan
& Bldg. Assn. v. Lichtenwalner, 100 Pa. 100; Reigart v.
White, 52 Pa. 438; Dutton v. Pyle, 195 Pa. 8; Atkins v.
Wilcox, 5 American Bankruptcy Rep. 313; Paschall v. Fels,
207 Pa. 71.

OPINION BY MR. JUSTICE BROWN, June 22, 1905:

On June 13, 1895, H. H. Cobb executed and delivered to
C. L. Pattison, doing a banking business under the firm name
of C. L. Pattison & Company, his obligation, under seal, prom-
ising to pay $860.05, three months after date, to which was
attached a warrant of attorney for the entry of judgment.
The payment of this obligation was guaranteed to the payee
by Cobb and Chase by a separate contract of guaranty in-
dorsed on it. Pattison died April 10, 1896, and after his death
the appellees, his executors, entered judgment against Cobb.
On petition of the latter it was opened in 1901, and an issue
awarded to determine how much, if anything, was due on it.
By agreement of the parties the matter was submitted to a
referee, who reported that the plaintiffs were entitled to judg-
ment against the defendant for the sum of $1,221.88, with in-
terest from January 27, 1903. On the trial before the referee
D. C. Chase, of Cobb and Chase, the guarantors of the pay-
ment of the obligation, was called as a witness to prove that it
had been paid during the lifetime of C. L. Pattison. He was
objected to as being incompetent on the grounds that he was
a party to the contract or thing in controversy, and had an ad-
verse interest to the right of the deceased, C. L. Pattison. On
appeal to the Superior Court, the only question raised was as to
the correctness of this ruling of the referee. That court sus-
tained the ruling on the ground that Chase was a party to the
contract in action: Pattison v. Cobb, 26 Pa. Superior Ct. 72.

By the Act of May 23, 1887, P. L. 158, competency of wit-
nesses in civil cases is the rule and incompetency the excep-
tion. Section 4 provides that no interest merely in the ques-
tion on trial nor any other interest or policy of law, except as
is provided in sec. 5, shall make any person incompetent as a
witness. Clause " *e* " of sec. 5 is the only part of that section

which could render Chase incompetent. By its provisions where any party to a thing or contract in action is dead, and his right thereto or therein has passed, either by his own act or by the act of the law, to a party on the record, who represents his interest in the subject in controversy, no surviving or remaining party to such thing or contract, or any other person whose interest shall be adverse to the right of such deceased, shall be a competent witness to any matter occurring before the death of said party. The contract which was the subject of the controversy below was one between Pattison and Cobb alone. There were no other parties to it, and the effort was to make Cobb pay his obligation. The contract to which Chase was a party was not involved in the controversy. Though indorsed on the one executed by Cobb, it was as separate from and as independent of the same as if it had been written on another piece of paper. They were not only separate and independent contracts, but entirely different in their nature. Cobb's was an unconditional promise to pay and was made to Pattison. The contract of Chase was that he would pay Pattison if Cobb could not. It was not a promise to pay if Cobb would not, but to pay if he could not. These contracts being separate and distinct and of different natures, liability on each was the subject of a separate action. No liability in the action on the contract between Pattison's executors and Cobb could have been enforced against Chase. We have uniformly interpreted the act of 1887 in the light of the literal meaning of its words, and by them no interest or policy of law is to be the test of the competency of a witness, except as pointed out in clause " *e* " of sec. 5. We cannot, therefore, concur in the view of the Superior Court that Chase was an incompetent witness because he was a party to the thing or contract in controversy between Pattison's executors and Cobb.

If at the time Chase was called as a witness there was a liability on his contract of guaranty, his interest was adverse to the right of the deceased in the contract with Cobb, and for that reason he would have been properly excluded. But before he was asked to testify to matters that had occurred in the lifetime of Pattison the certificate of his discharge as a bankrupt was offered in evidence and admitted. From that it appeared he had been discharged as a bankrupt in the district

court of the United States for the western district of Pennsylvania, and discharged from all debts and claims which were provable against his estate on February 27, 1901, the day on which the petition for his adjudication as a bankrupt was filed. This was five years and nearly six months after the obligation of Cobb had matured.   The contract of Chase having been a guaranty, as is insisted by the appellees, the duty was imposed upon Pattison and his personal representatives of exercising due diligence to enforce payment from Cobb before there could be resort to Chase : Campbell v. Baker, 46 Pa. 243 ; Hoffman v. Bechtel, 52 Pa. 190 ; National Loan & Building Assn. v. Lichtenwalner, 100 Pa. 100.  If, therefore, the liability of Chase to pay on his guaranty became fixed by the inability of Cobb to pay, it is to be presumed it was fixed before February 27, 1901, and, if so, it was a provable debt against his estate at that time and would have been allowed : Moch v. Market Street National Bank, 107 Fed. Repr. 897.  It comes within subdivision 4 of sec. 63 of the bankrupt act of July 1, 1898, as being a liability founded upon an express contract.  This having been the situation, there was evidence before the court of the discharge of Chase from all liability on his guaranty, and from the date of his discharge he no longer had any interest adverse to the right of Pattison or his executors in the contract between him and Cobb.  He was, therefore, at the time the defendant wished to examine him, not a party to the thing or contract in action, nor had he any interest adverse to the right of the deceased in it, and his testimony should have been received.

The judgment of the Superior Court is reversed, as is the judgment below, and the record is remitted for a retrial of the case.