# Anthony *v.* Sturdivant, *et al.*

*Assumpsit.*

(Decided Nov. 16, 1909.   50 South. 1028.)

1. *Witnesses; Competency; Transactions With Person Since De-
ceased.*—Under section 4007, Code 1907, one maker of a note who
is joined in an action thereon with the executor of his co-maker,
is not competent to testify as to any transaction with, or statement
by his co-maker, since deceased, relative to the subject-matter of
the action.

2. *Same; Removal of Disability; Adjudication of Bankruptcy.*—
The fact that an action has been dismissed against one maker of
a note on the suggestion of adjudication of his bankruptcy, does not
render him competent to testify in an action against the executor
of a deceased co-maker as to any transaction with or statement by
the deceased, relative to the giving of the note, since the adjudica-
tion of his bankruptcy is not the equivalent of a discharge in bank-
ruptcy, and hence, does not remove his disqualifying interest.

[Anthony v. Sturdivant, et al.]

3. *Same.*—The fact that no relief is sought against a joint maker of a note and that he is called as a witness by the plaintiff in an action on the note against the executor of the other joint maker, does not remove the disqualifications provided in section 4007, Code 1907.

APPEAL from Lee Law and Equity Court.

Heard before Hon. A. E. BARNETT.

Action by T. S. Sturdivant and others against Phabra Anthony, as executrix and another, upon several promissory notes. Judgment for plaintiff and executrix appeals. Reversed and remanded.

BARNES & DENSON, for appellant.—W. A. Anthony's estate was directly interested in the result of the suit and S. W. Anthony, the witness, was also pecuniarly interested in the result, and hence, was not competent to testify as permitted by the court.—Sec. 4007, Code 1907; *Browning v. Kelly,* 124 Ala. 645; *Keel v. Larkin,* 72 Ala. 493; *Boykin v. Smith,* 65 Ala. 294.

BULGER & RYLANCE, for appellee.—The witness was not incompetent.—*Manegold v. Morse,* 131 Ala. 182; *Howle v. Edwards,* 97 Ala. 649; *Cromwell v. Horton,* 94 Ala. 647. The burden of showing incompetency was on the objecting party.—*Englehart v. Richter,* 136 Ala. 562.

DOWDELL, C. J.—This is an action in assumpist on three several promissory waive notes described in the complaint. The suit as originally commenced was against the appellant, Phabra Anthony, as executrix of W. A. Anthony, deceased, and S. W. Anthony, jointly. Subsequently, as the judgment recites, the plaintiffs amended their complaint by striking therefrom the name of S. W. Anthony as a defendant, on his suggestion by plea·of "his adjudication of bankruptcy." The

[Anthony v. Sturdivant, et al.]

defendant Phabra Anthony, as executrix, etc., filed a plea of non est factum, on which issue was taken and the cause tried, and judgment was rendered for the plaintiffs.

There is but one question presented by the record for our consideration, and that goes to the competency of S. W. Anthony, called as a witness by the plaintiffs, to testify, against the objection of the defendant Phabra Anthony, as to any transaction between the witness and defendant's testator, W. A. Anthony, or as to any statement made by deceased to said witness, relative to the subject-matter of the suit. The complaint avers that S. W. Anthony was a joint maker of the notes with the said W. A. Anthony, deceased. To fix a joint liability would be to lessen the burden of S. W. Anthony, and consequently he had a direct pecuniary interest in the result of the suit. To fix such liability was unquestionably opposed to the interest of the estate of W. A. Anthony, deceased. The facts bring the case within the letter and spirit of the statute. Section 4007 of the Code of 1907. The witness was rendered incompetent under the statute to testify as to any transaction with or statement by the deceased, and the court committed reversible error in admitting this evidence against the objection of the defendant.

Nor was the situation relieved by the amendment of the complaint in striking out S. W. Anthony as a co-defendant, on the suggestion of "his adjudication of his bankruptcy." The disqualifying interest remained the same. The "adjudication of his bankruptcy" is not the equivalent of a discharge in bankruptcy. We are not to be understood, however, as intimating that a discharge in bankruptcy would have removed the disqualification. As to this we express no opinion.

It is contended by appellees that, being called to testify by the plaintiffs, he was called by one opposed in

[Cronin v. American Securities Company.]

interest, and thereby was made competent within the language of the statute. This contention is without merit. The calling to testify by one opposed in interest is not sufficient, where there is another opposed in interest objecting. See *Browning v. Kelly et al.*, 1 ? Ala 645, 27 South. 391, and cases there cited.

For error indicated, the judgment is reversed, and the cause remanded.

Reversed and remanded.

SIMPSON, McCLELLAN, and MAYFIELD, JJ., concur.