# Anthony *v*. Sturdivant, *et al.*

## *Assumpsit.*

(Decided November 16, 1911.  56 South. 571.)

1. *Bankruptcy; Discharge; Effect; New Promise.*—A discharge in bankruptcy renders a debtor civiliter mortuus as to all previous dischargeable debts, but the moral obligation coupled with an antecedent valuable consideration is sufficient to support an unequivocal new promise to pay.

2. *Same; Debts; Schedule; Description.*—Where the plaintiff sued on a joint note, describing themselves as doing business under the style and name of "The Bank of Camp Hill," and the note without interest aggregated $1,049.59, and one of the defendants had been discharged in bankruptcy, the schedule of liability showing "The Bank of Camp Hill, Camp Hill, Ala., accounts and notes $1,100.00," such showing on the schedule was sufficient prima facie showing that such joint maker's liability on the notes in suit were scheduled, and so fell within the decree of discharge.

3. *Witnesses; Competency; Transaction With Deceased.*—Where the action was brought on a joint note against the surviving joint maker and the executor of the estate of the deceased joint maker, and the surviving joint maker was eliminated from the case on the suggestion of his discharge in bankruptcy, his disqualification to testify against the executor of the deceased joint maker as to transactions with or statements by the decedent relative to the giving of the note, was removed.

4. *Same; Prima Facie Incompetency; Evidence.*—Where the witness was prima facie incompetent to testify as a witness against the executrix of his joint maker, of a promissory note, the suit being against him as surviving joint maker, and the executrix of his deceased joint maker, the transcript of the record of the proceedings in the bankruptcy court duly certified and showing a discharge in bankruptcy from liability on the note was properly admitted to rebut his prima facie incompetency as a witness.

5. *Evidence; Mental Status.*—A witness cannot testify as to a mental status or the cogitations of another.

6. *Appeal and Error; Harmless Error; Evidence.*—Where the suit was on a note against the executrix of a joint maker thereof, evidence that the testator knew about some notes at plaintiff's bank which were not the notes in suit, while incompetent, was so foreign to any issue as not to be prejudicial to the executrix.

APPEAL from Lee Law and Equity Court.

Heard before Hon. ALBERT E. BARNETT.

Action by T. S. Sturdivant and others doing business under the name and style of the Bank of Camp Hill against Phabra Anthony, as executrix, etc., upon a joint note. Judgment for plaintiff and defendants appeal. Affirmed.

See also 163 Ala. 530; 50 South. 1028.

BARNES & DENSON, for appellant. The main question in this case was whether or not the discharge in bankruptcy operated to render the surviving joint maker competent to testify against the executrix of the deceased joint maker. It was held on a former appeal (163 Ala. 530) that the adjudication in bankruptcy had no such effect, but the question as to discharge was left open. Our insistence is that the court improperly admitted the transcript of the record of the adjudication and discharge.—Section 7, Bankruptcy Act; Collier on Bankruptcy, 1909. The effect of this evidence even if admissible, was not to remove the disqualification fixed by section 4007, Code 1907.—*Lewis' Administrator v. Easton,* 50 Ala. 470; *Dismukes v. Tolson,* 67 Ala. 386. The discharge does not cancel the debt, but simply destroys the remedy, and hence, a witness may be interested by reason of a new promise.—1 N. H. 240; 43 Ind. 108; 60 Ga. 535. A witness cannot testify as to the mental status or cogitations of another.—*Bailey v. The State,* 107 Ala. 151.

[Anthony v. Sturdivant, et al.]

JAMES W. STROTHER, for appellee. A person who has been discharged in bankruptcy is a competent witness. —*Frow & Ferguson v. Downman,* 11 Ala. 880; *Reynolds v. Calloway,* 31 Gratt. (Va.) 436; *Pattison v. Cobb,* 212 Pa. St. 572; 12 Powell Encyc. Evidence 781, and note; 1 Greenleaf on Evidence, Sec. 430 (Appendix II P. 914, 16th Ed.) If the witness has been released from all liability his incompetency is thereby removed and he is competent to testify.—*Gray's Ex'rs v. Brown,* 22 Ala. 270; *Myatt v. Lockhart,* 13 Ala. 338; *Robinson's Adm'rs v. Tipton's Adm'r,* 31 Ala. 595; *Hall's Heirs v. Hall's Ex'rs,* 38 Ala. 131, 133. The statute excludes only persons having a pecuniary interest in the result of the suit or proceeding; to render S. W. Anthony incompetent as a witness, therefore, he must be shown to have a pecuniary interest in the result of this suit.—*Birmingham Co. v. Tenn. Co.,* 127 Ala. 137; *Morris v. Birmingham National Bank,* 93 Ala. 511; *Howle v. Edwards,* 97 Ala. 653; *Garrett v. Trabue, Davis & Co.,* 82 Ala. 227, 231.

SAYRE, J.—The original complaint declared upon promissory notes, alleged to have been jointly executed by W. A. and S. W. Anthony. On the first trial, the adjudicated bankruptcy of S. W. Anthony having been suggested, plaintiffs eliminated S. W. from the complaint as a party defendant, and proceeded to judgment against Phabra Anthony, as the executrix of W. A., deceased. On the appeal which followed, it was held that the mere adjudication of S. W. Anthony's bankruptcy did not relieve him of his disqualification as a witness for plaintiffs under section 4007 of the Code.—*Anthony v. Sturdivant,* 163 Ala. 530, 50 South. 1028. On the return of the case to the trial court, it was shown that since the date of the first trial the witness Anthony had

[Anthony v. Sturdivant, et al.]

received his discharge in bankruptcy, and thereupon he was again allowed to testify for the plaintiffs, notwithstanding the defendant's objection. The question as to the competency of the witness is again presented for review.

By his adjudication and discharge in bankruptcy, S. W. Anthony became civiliter mortuus as to all previous dischargeable debts and liabilities. A moral obligation to pay still exists, and this, coupled with the antecedent valuable consideration is sufficient to support an unequivocal new promise to pay, but his old debts have been extinguished by operation of law, and no longer exist.—*Griel v. Solomon,* 82 Ala. 85, 2 South. 322, 60 Am. Rep. 733; *Wolffe v. Eberlein,* 74 Ala. 99, 49 Am. Rep. 809. By his discharge and his elimination from the case, the original disqualifying liability of the witness was removed by a decree of the law.—*Frow v. Downman,* 11 Ala. 880; *Reynolds v. Callaway,* 31 Grat. (Va.) 436; *Pattison v. Cobb,* 212 Pa. 572, 61 Atl. 1108; *Murray v. Judah,* 6 Cow. (N. Y.) 484; 1. Greenl. Ev. (16th Ed.) p. 914. The discharge operated alike, whether the proceeding was voluntary or involuntary. The witness no longer had a pecuniary interest in the result of the suit; he had in legal contemplation nothing to gain or lose by the judgment to be rendered, nor would the record be legal evidence for or against him in any other action.—*Oliver v. Williams,* 163 Ala. 376, 50 South. 937. Plaintiffs' case rested upon the evidence of the witness that he had signed the name of his deceased co-obligor to the notes in suit, having authority so to do. Defendant's testimony tended to show that the witness had no such authority. Now, then, the appellant suggests that if the witness had forged the name of his co-obligor, in pursuance of an understanding between the plaintiffs and the witness that the lat-

ter should share in the spoils, the plaintiffs would thus be allowed to evade the clear purpose, if not the exact letter, of the statute. The purpose of the common-law rule of exclusion, and of the statute, so far as it preserves the rule of the common law, is to remove the temptation to perjury. But appellant's rule would exclude all witnesses from testifying as to transactions with deceased persons, for all witnesses may be exposed to temptations, other than such as are directly offered by the result of a suit. The interest supposed is not an interest within the contemplation of law; for the rule is "that the interest which will render a witness incompetent to testify must be some legal, certain, and immediate interest in the result of the suit itself, or in the record thereof as an instrument of evidence to support his own claims, or to protect him from an admitted liability."—*Poe v. Dorrah,* 20 Ala. 288, 56 Am. Dec. 196.

Plaintiffs are described in the complaint as doing business under the firm name and style of the Bank of Camp Hill. The notes sued upon aggregate $1,049.59, without interest. In the schedule of his liabilities filed by the witness in the bankruptcy court, one item appeared as follows: "Bank of Camp Hill, Camp Hill, Ala., accounts and notes, $1,100.00." We think this a sufficient prima facie showing that the witness' liability on the notes in suit was scheduled, and so fell within the decree of discharge.

The transcript of the record of the proceedings in the court of bankruptcy was duly certified, and was properly admitted in evidence to rebut the prima facie incompetency of the witness.

It has been held that a witness may not testify to the mental status, the cognition, of another.—*Bailey v. State,* 107 Ala. 151, 18 South. 234. But the testimony of the witness Anthony that his father, W. A. Anthony,

defendant's testator, knew about some notes at the bank—not the notes in suit—was so remote from any issue proposed that it is hardly to be conceived that it affected the mind of the jury in reaching a conclusion. The ruling, if error, was harmless.

The rulings of the court below were free from reversible error, and its judgment will be affirmed.

Affirmed. All the Justices concur.