# Mizzell *v.* Southern Railway Company.

## *Action for Damages for Personal Injury.*

[Decided Dec. 20th, 1901.]

1. *Trespassers on railroad track; wantonness; general charge.* In an action against a railroad company for personal injuries the general affirmative charge for defendant was properly given where the evidence showed that plaintiff when struck by the tender of an engine, which was being run backwards, had crossed the rails and was proceeding along the side of the track on the end of the cross-ties, there being no evidence of wantonness or willfulness on the part of the trainmen, or that they were aware of plaintiff's presence.

2. *Same; wantonness; general affirmative charge.*—Where plaintiff was injured at a small station on defendant's road, which was a flag station for trains, and at which trains stopped several times a day, and when injured he was walking along the side of the track on the ends of the cross-ties, with his back turned towards the train which caused the injury, and testified that he was on the crossing when struck; and where there was evidence tending to show that the engine and tender, which struck him, were being run backwards at a rate of speed of twenty or twenty-five miles an hour, without signals of approach, and there was nothing to prevent the engineer from seeing plaintiff for a distance of about one hundred yards from where he was struck, in the direction from which the engine came; and there were a good many people living in the neighborhood, and there were

[Mizzell v. Southern Railway Company.]

from twenty to fifty dwelling houses there, with people living in them, and that a great many people crossed the track at that place, someone crossing the track there off and on all the while, at all times during the day. *Held:* That there was no evidence of wantonness or willfulness on the part of the trainmen, or of negligence supervening plaintiff's contributory negligence, and that the general affirmative charge for defendant was proper.

3. *Pleading; when ruling on error without injury.*—Where the evidence shows that plaintiff was guilty of contributory negligence, and fails to show that his presence on the track was ever discovered by the trainmen, error (if any) in sustaining demurrers to a count in the complaint charging simple negligence only, is harmless.

APPEAL from Birmingham City Court.

Tried before Hon. CHAS. A. SENN.

Action for personal injuries to plaintiff at Warner, a station on defendant's road. The first count, to which demurrers were sustained, charged simple negligence only. The trial was had on the second count, which ascribed plaintiff's injuries to the wanton, willful and reckless conduct of the defendant's agents or servants in the running, control and management of its train. The evidence showed that Warner was a flag station, at which trains stopped several times a day; that plaintiff, when struck, was walking along the side of the track at the end of the cross-ties at or approaching a road crossing, plaintiff himself testifying that he was at the crossing. He was struck by the tender of an engine, which approached him from the rear, running at a speed of twenty or twenty-five miles an hour, and gave no signals of its approach. There was evidence tending to show that there was nothing to prevent the engineer from seeing plaintiff for a distance of about one hundred yards from where he was struck, in the direction from which the engine came; and that "there were a good many people living in the neighborhood and that there were from twenty to fifty dwelling houses there, with people living in them, and that a great many people crossed the track at that place, someone crossing

the track there off and on all the while, at all times during the day.".

The court gave the general affirmative charge for defendant, at its request, and plaintiff appeals.

W. H. DENSON, for appellant, upon the question of the giving of the general affirmative charge, cited *L. & N. R. R. Co. v. Webb*, 97 Ala. 308; *H. A. & B. R. R. Co. v. Robbins*, 124 Ala. 114; *G. P. Ry. Co. v. Lee*, 92 Ala. 262; *B R. & E. Co. v. Pinckard*, 124 Ala. 372; *Bromley v. Bir. Min. Co.*, 95 Ala. 404; *K. C. M. & B. R. Co. v. Smith*, 90 Ala. 25.

SMITH & WEATHERLY and E. D. SMITH, *contra*, cited *Montgomery v. A. G. S. R. R. Co.*, 97 Ala. 305; *L. & N. R. R. Co. v. Hairston*, 97 Ala. 351; *Central of Ga. R. Co. v. Forshee*, 27 So. Rep. 1006, 1015.

McCLELLAN, C. J.—It is settled in this State that persons have the right to cross a railroad track, at least when it is not fenced, wherever they have occasion to be beyond it. Of course the duty of exercising care must be observed. But no person has a right to use the track of a railroad as a road or path, and if a person is injured by a passing engine or train while walking on the track, or on the ends of the crossties by the side of the track, he cannot recover damages therefor unless the trainmen willfully or wantonly ran against him or unless they failed to exercise due care to avoid striking him. after they became aware of his peril, and such failure contributed to the injury. The uncontroverted evidence in this case shows that when Mizzell, the plaintiff, was stricken by the tender of the engine which was being run backwards, he was not in the act of merely crossing defendant's track, but, having crossed over the rails, he was proceeding. along the side of the track on the ends of the crossties. There was no evidence of willfulness or wantonness on the part of the trainmen. Nor was there any evidence tending to show that they were ever aware of plaintiff's presence, and hence there could be no ground for insistence that they were wanting in due care after coming to a knowledge of plaintiff's peril. To the charge that defendant's servants were

guilty of negligence in failing to give signals of approach, which some of the evidence tends to support, the contributory negligence of the plaintiff in his attempted use of the track, is a complete defense; and the city court, properly gave the affirmative charge, with hypothesis, for the defendant.

The rulings on demurrer to the complaint were innocuous whether good or bad.

Affirmed.