# Oliver *v.* Williams.

## *Ejectment.*

(Decided Dec. 16, 1909.—50 South. 937.)

1. *Partition; Parol; Validity.*—A parol partition between tenants in common, followed by possession taken and retained thereunder is valid and binding on them.

2. *Tenancy in Common; Adverse Possession by; Knowledge.*—While the possession of a tenant in common without more is a possession of all, a repudiation of the other co-tenant's right and a claim of exclusive ownership brought actually to a knowledge of the other co-tenant, will render the possession of the tenant so holding adverse.

3. *Adverse Possession; Privity.*—Privity required to establish continuity of adverse possession may be established by transfer of possession alone without written evidence, or by any conveyance or agreement written or oral.

4. *Limitation of Action; Suspension; Posthumous Child.*—Where limitations begin to run against the ancestor of a posthumous child, the death of the ancestor will not interrupt the running of the statute although the child was yet unborn.

5. *Witnesses; Competency; Transactions of Deceased Persons.*—The interest which is sufficient to disqualify a witness to testify as to transactions with a deceased person, must be such that the witness will gain or lose by the direct, legal operation of the judg-

ment to be rendered, or an interest concerning which the record will be legal evidence for or against him in some other action. (Section 4007, Code 1907.)

APPEAL from Marengo Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Ejectment by Arthur Williams against J. H. Oliver. Judgment for plaintiff and defendant appeals. Reversed and remanded.

J. M. MILLER, for appellant.—Where partition is by parol and possession is taken and held thereunder, this will take it out of the statute of frauds.—9 South. 359. Miss Kirkman was called by the plaintiff and hence, her evidence was admissible on cross examination as to the parts of her father's and mother's land. *German v. Brown & Leeper*, 145 Ala. 264. The court should have permitted the witness Jowers to state whether there was an agreement between certain of the heirs prior to the execution of the Caleb Williams' deed, as to each having a designated part of the lands belonging to the estate.—93 Ala. 511. They should have permitted it to be shown that Minerva Pulliam took possession of the lands involved in this suit under the agreement, and when she took possession.—3 Mayf. 386; 97 Ala. 579. The statute having begun to run against the ancestor, the subsequent birth of a child did not stop it.—122 Ala. 565; 123 Ala. 691; 124 Ala. 627. It was a jury question as to adverse possession, and the court improperly gave the affirmative charge for the plaintiff.—97 Ala. 596; 92 Ala. 249; 88 Ala. 325.

WILLIAM CUNNINGHAME, for appellee.—Title by adverse possession, as against a minor, does not become effective and complete under the statute, until at least three years after the removal of such disability.—*Brad-*

*ford et al. v. Wilson et al.,* 140 Ala. 633; Code of 1907, Sec. 4846. The possession of an administrator is not adverse to the heir.—*Ashford v. Ashford,* 136 Ala. 631. The possession of a widow, before assignment of dower, is referable to her quarantine right, and is not adverse to the heirs.—*Johnson v. Oldham,* 126 Ala. 309; *Robinson v. Allison,* 124 Ala. 135; *Allison v. Robinson,* 136 Ala. 434. The possession of one tenant in common is not adverse to his co-tenant. It requires something more than possession.—*Jackson v. Elliott,* 100 Ala. 669; *Butler v. Butler,* 133 Ala. 377; *Jones v. Pelham,* 84 Ala. 208; *Ashford v. Ashford,* 136 Ala. 132; *Scotch Lumber Co. v. Sage,* 132 Ala. 598. Unless it is actually known to them, or unless it is so open, notorious in its hostility and exclusiveness as to put them on notice of adverse character there is no adverse possession.—*Ashford v. Ashford,* 136 Ala. 632; *Kennedy v. Rainey,* 145 Ala. 572. Partition, if made, operates upon the possession, and not upon the title, serving merely to sever the unity of possession existing before partition.—*Kennedy v. Rainey,* 145 Ala. 572; *Courtner v. Etheredge,* 43 Southern Reporter, 368. A partition, which is void by reason of lack of, or defective execution by some of the parties, is void as to all.—17 A. & E. E. Law, (1st ed.) page 673; *Douglas v. Harrison,* 2 Sneed (Tenn) 382. No person, who has a pecuniary interest in the result of a suit, is allowed to testify as to any transaction with, or statement by any deceased person, whose estate is interested in the result of the suit as against the person whose interest is opposed to the witness. Nor can an incompetent witness make himself competent by transferring his interest to another.—Code of 1907, Sec. 4007; *Boykin v. Smith,* 65 Ala. 294; *Hillens v. Brinsfield,* 108 Ala. 605; *Goodlet v. Kelly,* 74 Ala. 213; *Moore et al. v. Walker,* 124 Ala. 199; *Brown v. Weaver,*

113 Ala. 228; *Napier v. Elliott,* 44 So. Rep. 552; *Le-croix v. Malone,* 47 So. Rep. 725; *Glover v. Gentry,* 112 Ala. 500.

SAYRE, J.—Statutory action in the nature of eject-ment. Plaintiff and defendant in the trial court, who are respectively appellee and appellant, here traced title to a common source, Ashley Williams, plaintiff's grandfather. Plaintiff proved title and possession in Ashley Williams, and his heirship through Caleb Williams, his father, and on this evidence had a recovery for a one-fifth interest in the property sued for. The defendant offered to prove a parol partition between the widow and children of Ashley, by which the land sued for was assigned to Minerva Pullen, an aunt of plaintiff, subsequent possession by her under an exclu-sive claim of ownership for more than the period of statutory limitation, and traced his title back to her through a number of mesne conveyances. This ruling, repeated several times during the progress of the trial, constitutes the subject of the principal assignments of error. We gather from the briefs and argument of counsel that the rulings complained of proceeded upon one or the other of two theories: (1) That the statute of frauds stood in the way of the parol partition; (2) that the witnesses called to prove the partition and subsequent possession under it by the parties to it were incompetent, because pecuniarily interested in the re-sult of the suit, and the facts to which it was proposed to have them testify were transactions with Caleb Williams, whose estate was interested in the result.—Code 1907, § 4007.

The case of *Yarborough v. Avant,* 66 Ala. 526, seems to recognize, inferentially at least, that a parol parti-tion of lands, followed by possession, continued for so

long a time that the statute of limitation operates as a bar, vests in the co-tenants legal title to the parts assigned to them respectively. At the common law a voluntary partition of lands could be made by parol between tenants in common. Judge Freeman states that according to a slight preponderance of American cases, and a decided majority of English authorities, the statute of frauds now interposes an insuperable obstacle to a valid parol partition. In *Woodhull v. Longstreet,* 18 N. J. Law, 414, the Supreme Court of New Jersey, while intimating that it might possibly uphold a parol partition when sanctioned by long-continued possession taken and held by virtue of it, denied the force of such partition when accompanied by possession for a period of five or six years, and portrayed the evils which, in its judgment, were likely to arise from encouraging parol partitions. In New York, Chancellor Kent said: "A parol division, carried into effect by possession taken according to it, will be sufficient to sever possession, as between tenants in common whose titles are distinct, and where the only object of the division is to ascertain the separate possessions of each." *Jackson v. Harder,* 4 Johns. (N. Y.) 212, 4 Am. Dec. 262. In Mississippi, where the question was on the admissibility of certain evidence, the court used this language: "The only question, then, upon which the competency of this evidence depends, is whether it is competent to show a partition by parol between coparceners or tenants in common. And there can be no doubt but that such an agreement, when carried out by the parties taking possession in severality, is valid and effectual to conclude the rights of the others against the respective parties so holding in severality."—*Wildey v. Bonner's Lessee,* 31 Miss. 652. In Pennsylvania, in an action for partition, the defendant plead-

ed that he and the plaintiff did not hold the land together, and this was the question at issue. The defendant offered parol evidence to show a parol partition, with subsequent possession by each of the part allotted to him by the other. The court was of opinion that the evidence ought to have been received.—*Ebert v. Wood,* 1 Bin. (Pa.) 218, 2 Am. Dec. 436. In South Carolina, in a case where parol partition had not been consummated by possession taken and held in accordance therewith, the court said: "There is no doubt that, if actual possession had followed the partition, it would have bound the parties."—*Slice v. Derrick,* 2 Rich. Law, 629. In Virginia, "between parceners, deeds of partition, though the better practice, are not absolutely necessary: they may mark and establish the dividing line between them, and prove it by any other competent evidence; and they will, from the time of marking and establishing the line, be seised in severalty."—*Coles v. Wooding,* 2 Pat. & H. 197. In Ohio, a fair division of common property, consummated by possession will not be disturbed in equity after the lapse of several years, although some of the parties were infants.—*Piatt v. Hubbell,* 5 Ohio, 245. In Indiana, parol partitions are sustained when followed by exclusive possession.—*Hauk v. McComas,* 98 Ind. 460. In West Virginia, voluntary parol partitions, clearly proven, followed by actual possession in severalty, will defeat the right of partition under the law.—*Patterson v. Martin,* 33 W. Va. 494, 10 S. E. 817. In Missouri, although a parol partition is good between the parties when accompanied by possession, yet the equitable title only passes, which by adverse possession may ripen into a legal estate.—*Hazen v. Barnett,* 50 Mo. 506. In Vermont, tenants in common, who have not perfected their title by 15 years' possession under the statute,

may make partition by parol, provided it be accom-
nied by acts of possession in severalty.—*Pomeroy v.
Taylor,* Brayton 174. In Tennessee, the registration
laws do not apply to a parol partition between co-ten-
ants.—*Meacham v. Meacham,* 91 Tenn. 532, 19 S. W.
757. In Texas, a parol partition is sustained on pecu-
liar provisions of the statute of frauds of that state.—
*Stuart v. Baker,* 17 Tex. 420. In Massachusetts, Maine,
California, and North Carolina, parol partitions are
not recognized in courts of law.—*Porter v. Perkins,* 5
Mass. 235, 4 Am. Dec. 52; *Duncan v. Sylvester,* 16 Me.
390; *Gates v. Salmon,* 46 Cal. 361; *Medlin v. Steele,*
75 N. C. 154. See, also, Freeman on Co-Tenancy and
Partition, § 398; 38 Cent. Dig. 14, § 13 et seq. Judge
Freeman concludes it to be evident that a parol parti-
tion of the lands of co-tenants, when followed by pos-
session taken or retained in pursuance of it, is binding
upon them, is gaining rather than losing ground, and
that, while there may be difference of opinion respecting
the reasons on which the proposition ought to rest, prac-
tically, it makes little difference what view prevails;
for under either each co-tenant is entitled to retain the
land so partitioned and allotted to him.

In *Tennessee C., I. & R. R. Co. v. Linn,* 123 Ala. 112,
26 South. 245, 82 Am. St. Rep. 108, it was held that the
adverse possession of one who enters and holds under
a valid parol contract of sale, after having paid the pur-
chase money, is limited to his possessio pedis. and does
not extend to the boundaries agreed upon in the con-
tract of sale as is the case where one holds under writ-
ten color of title. No such question is involved in the
case at bar, nor are the rights of strangers to the parti-
tion involved. We gather from the record that the con-
troversy here related, not to the extent of the possession
of the defendant and those under whom he claimed, but

to the character of their actual possession. The rule is
that the possession of a tenant in common, without more,
is not adverse to the claim of his co-tenants. But a repu-
diation of the rights of his co-tenants and a claim of ex-
clusive ownership, brought home to their actual knowl-
edge will convert his holding into an adverse possession.
—*Ashford v Ashford,* 136 Ala. 631, 34 South. 10, 96 Am.
St. Rep. 82. And an agreed parol partition necessarily
implies knowledge on the part of all the parties to it
that the subsequent possession under it is adverse. By
different appropriate questions propounded to different
witnesses the defendant offered to show a parol parti-
tion among the heirs of Ashley Williams and an adverse
holding under it by those under whom he claimed the
land in controversy, which, if the witnesses had been
permitted to testify and had met his expectations, would
have made his title a question for the jury. This, as for
anything yet appearing, he should have been allowed to
do.

Mrs. Kirkham and the witness Jowers had no such
pecuniary interest in the result of the suit as would
have been affected by the judgment to be rendered there-
in, and were, therefore, not disqualified to testify to the
alleged partition. "A case cannot arise for the applica-
tion of the * * * exception unless it involves a direct,
immediate conflict of interests between the dead and the
living."—*Ala. Gold Life Insurance Co. v. Sledge,* 62
Ala. 566; *Manegold v. Massachusetts Life Ins. Co.,* 131
Ala. 180, 31 South. 86. The statute excludes witnesses
on account of pecuniary interest in the result of the
suit. "The true test of the interest of a witness is that
he will gain or lose by the direct legal operation or ef-
fect of the judgment, or that the record will be legal
evidence for or against him in some other action."—
*Wormley v. Hamburg,* 40 Iowa 22. Of these witnesses,

Mrs. Kirkman was a sister of Caleb Williams and participated in the partition about which she was asked to testify. Jowers had purchased the interest of Caleb Williams many years before. Plaintiff, as we have already noted, was suing to recover that part of the land which had been allotted on the partition to Mrs. Pullen. If these witnesses had any interest in maintaining or denying the partition, it was so remote as not to fall within either the letter or the spirit of the statute. No possible result of the pending cause could have involved pecuniary loss or gain to them, nor could the judgment to be rendered have established any status affecting them or their estate. The objection to the testimony of these witnesses went to its credibility, as showing a remote interest which might affect their veracity, not within the statute, rather than to their competency as witnesses. There was error in sustaining the plaintiff's objections to this testimony.

Plaintiff was a posthumous child, and only reached his majority in the year 1906. But the statute of limitation began to run against his father, under whom he claimed by inheritance, from the date of the parol partition and possession taken under it. This was several years before the death of his father, Caleb. If the statute of limitation, in that aspect of the case which defendant offered to prove, began to run against plaintiff's ancestor—and it was open to the jury to find that he was more than 21 years of age at the time of his death—the death of that ancestor did not interrupt its running, although the plaintiff had not yet come into being.—*Smith v. Roberts,* 62 Ala. 83.

There was no lack of privity between the defendant and Mrs. Pullen, under whom he claimed, to prevent a tacking of their adverse possessions. The privity required to establish continuity of adverse possession

[Davis v. Anderson, et al.]

which will ripen into title may be effected by any conveyance or agreement, written or verbal, which has for its object a transfer of the rights acquired under the original entry. A transfer of possession alone, without written evidence of the transfer, is sufficient to create privity.—*Holt v. Adams,* 121 Ala. 664, 25 South. 716.

Defendant's evidence admitted, plaintiff's right of recovery would have been, as for anything we are able to gather from the involved bill of exceptions, a question for the determination of the jury. There was error in giving the general affirmative charge for the plaintiff.

Reversed and remanded.

ANDERSON, MCCLELLAN, and MAYFIELD, JJ., concur.