## SIBLEY v. McMAHON et al. (I Div. 292.)

(Supreme Court of Alabama. Jan. 24, 1924.)

**I. Appeal and error &#x229e;895(2)—No presumption in favor of findings of trial court on documentary evidence.**

In a suit for injunction, where evidence was documentary and by deposition of witnesses, and no witness was examined orally, the reviewing court must give no weight to the decision of the trial court upon the facts, and must indulge no presumption in its favor; the review being de novo as to the facts, under Code 1907, § 5955, subd. 1.

**2. Easements &#x229e;12(1)—Conveyances held to show tenancy in common in easement in alley.**

Conveyances of three lots and alley originally owned by common grantor *held* to give com-

plainant and another an easement right in common in the alley, and they were tenants in common in the right to use it.

**3. Deeds ⬥⟞⟞8—Deed held not to convey title to alley which grantor did not own.**

One having no title to an alleyway, but, only a right to use it, did not convey title to another, though the deed had the appearance of a conveyance thereof; but only color of title.

**4. Tenancy in common ⬥⟞⟞15(7, 8)—Possession of tenant in common alone not adverse.**

The possession of a tenant in common without more is not adverse to the claim of his cotenants, though a repudiation of the rights of his cotenants, and a claim of exclusive ownership, brought home to their actual knowledge, will convert his holding into an adverse possession.

**5. Tenancy in common ⬥⟞⟞15(7, 8)—Possession of cotenant to be adverse must be open and notorious, after notice to another cotenant.**

Under color of title duly recorded for 10 years, or under an annual listing of an alley for taxation for 10 years, or under both, the possession of the alley by one cotenant that will ripen into title against another cotenant must be actual, open, notorious, exclusive, hostile, and continuous for 10 years after actual knowledge of the exclusive ownership is brought home to the cotenant, under Code 1907, § 2830.

**6. Tenancy in common ⬥⟞⟞15(7, 8)—Tenant in common held not charged with knowledge of adverse claim.**

The recording of a deed to a lot which purported to cover the portion of an alley in the rear of the lot, and the assessment and payment of taxes thereon, and the extension of a building over the alley at such height as only to prevent the passage of high loads, *held* not to bring home to another lot owner having an easement in the alley, knowledge of claim of title, so as to support a claim of adverse possession.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Bill in equity by Harriet B. Sibley against Grace St. John McMahon and others, for injunction to restrain the obstruction of an alleyway. From a decree denying relief, complainant appeals. Reversed and rendered.

Gordon & Edington, of Mobile, for appellant.

The record title of both complainant and respondents to the easement in said alley was traceable to a common source; they held said easement as tenants in common, and no adverse possession or claim which could or did ripen into a legal title on the part of respondents as against complainant is shown. Ashford v. Ashford, 136 Ala. 636, 34 South. 10, 96 Am. St. Rep. 82; Oliver v. Williams, 163 Ala. 383, 50 South. 937; Lay v. Fuller, 178 Ala. 379, 59 South. 609; Kidd v. Borum,

181 Ala. 160, 61 South. 100, Ann. Cas. 1915C, 1226; Roden v. Capehart, 195 Ala. 33, 70 South. 756; Winsett v. Winsett, 203 Ala. 376, 83 South. 117; Wiggins v. Kirby, 106 Ala. 265, 17 South. 354.

Gaillard, Mahorner & Arnold, of Mobile, for appellees.

The only right to the use of the respondent's alley asserted by the complainant under the allegations of her bill is an easement by prescription, and under the facts disclosed the complainant did not acquire such easement. Sharpe v. Marcus, 137 Ala. 147, 33 South. 821; Jesse French Piano Co. v. Forbes, 129 Ala. 471, 29 South. 683, 87 Am. St. Rep. 71.

MILLER, J. The complainant, Harriet B. Sibley (appellant), filed this bill in equity against Grace St. John McMahon and W. Otis McMahon, the respondents and appellees, and avers the appellant Mrs. Sibley, the appellee Mrs. McMahon, and Dr. O. H. Harris, own separately dwelling lots which adjoin, all facing on Conception street in the city of Mobile. The residence lot of Mrs. McMahon is on the corner of Conception and St. Anthony streets. There is a common alley to the three residences leading north from St. Anthony street in the rear of the residence of Dr. Harris and Mrs. McMahon to the residence lot of the complainant. The bill alleges:

"That said alleyway is a common alleyway and has been used by all of the occupants of the above said property, including your complainant, continuously for a period of more than twenty years, and that your complainant is vested with a legal easement in and to said alleyway and a perpetual right to the use of said alleyway, together with the other owners of said property abutting thereon."

It appears from the bill that by agreement of the parties a gate was erected and locked at the entrance of the alley, and each of the owners of these lots furnished with a key—each having free and unobstructed use of the alley until, to wit, October 26, 1921, when the respondents locked the gate and would not give complainant or her tenants a key to the lock, thereby depriving and denying the complainant the right to use the alleyway. The complainant seeks by the bill to have her legal right to use the common alley established, and an injunction restraining the respondents from further interference or obstruction of the alleyway.

The respondents by their answer "admit the allegations as to the location of said alleyway," but deny that it has been used by the complainant for 20 years. They claim and aver complainant has no interest in or right to the alleyway. Mrs. McMahon, a respondent, claims to own the alleyway by deed dated December 4, 1903, executed by

---

⬥⟞⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

her mother to her and by adverse possession under that deed. The answer admits:

"On or about the 26th day of October, 1921, they locked the said gate or caused same to be locked, without furnishing complainant with a key, and they admit that they deprived complainant of free entrance and exit to and from said alleyway."

The court on final hearing on pleading and proof denied complainant the relief she seeks, dismissed the bill of complaint, and taxed her with the costs of the cause. This appeal is prosecuted by the complainant from that decree, and it is assigned as error.

[1] The evidence in this cause is documentary, and by deposition of the witnesses. No witness was examined orally in the presence of the court, so we must give no weight to the decision of the trial court upon the facts, and we must indulge no presumption in its favor. The statute requires that we shall weigh the evidence and give such judgment and render such decree as we deem just under the pleading and proof. The review here is de novo as to the facts. Subdivision 1, § 5955, Code 1907; Shows v. Folmar, 133 Ala. 599, 32 South. 495; Freeman v. Blount, 172 Ala. 655, 55 South. 293.

The bill alleges the complainant, Mrs. Sibley, is vested with a legal easement in and to this alleyway, and a perpetual right to the use of it, together with the other owners of the other two residence lots. The complainant alleges in legal effect that she, Mrs. McMahon, and Dr. Harris, are joint owners or tenants in common of the easement right of the alley, with the right of each to use it in common from St. Anthony street in going to and from their respective lots. Is this averment sustained by the proof? The property in question, this alleyway, and the three lots adjoining, from the abstract of title in evidence, appears to be a part of a Spanish grant to Thomas Price, known as the Price tract. The title to the alleyway or the alley was in Gustave Beal in 1836. On October 17, 1836, he conveyed the lot now owned by complainant to Charles Batre, and after conveying and describing the lot the conveyance states:

"With an alleyway thirteen feet more or less on the corner of the west end of the south boundary line, extending to St. Anthony street, which said alley Joshua S. Secor or his assigns and David Munsen or his assigns, have and use in common with the grantor or his assigns."

The complainant has an unbroken chain of title to the lot with the alleyway right and use in common with the owners of the other lots, from the different owners connected to and with Charles Batre, the grantee from Gustave Beal. This lot, with right to use the alleyway in common with the owners of the other two lots, was conveyed to the complainant on September 1, 1884, by Augusta Evans Wilson, as trustee. On March 5, 1836, Gustave Beal granted to Joshua S. Secor right of way in and to a certain passageway leading from St. Anthony street, having a front of 13 feet on the north side of St. Anthony street and a depth of about 80 feet. The conveyance bounds the alleyway, and it states "said alley to be used as an alley in connection with the adjoining owners." Dr. Harris' right to the use of the alley comes through this source. On December 4, 1903, Ellen F. St. John conveyed to respondent a lot fronting 44 feet, more or less, on Conception street with a depth of 149 feet on St. Anthony street, "extending to and including an alleyway in the rear of said lot, which alleyway has a width of about thirteen (13) feet, and said lot is the same width in rear as in front." Henry G. Humphries, on March 17, 1857, conveyed to Thomas St. John a lot on Conception street 43½ feet, more or less, and depth on St. Anthony street of 135 feet more or less, "to the alleyway in the rear * * * with all the rights, uses and privileges of the said alleyway in the rear." Thomas St. John conveyed on May 5, 1858, the same above-described property to D. C. Anderson, as trustee, for Ellen F. St. John, wife of grantor.

[2] It is clear and evident from the abstract of title to this property that the complainant, the respondent Mrs. McMahon, and Dr. Harris, each have an easement right in common in this alley. They are tenants in common in their right to use it, and we so hold.

The trial court based its decree on the case of Sharpe v. Marcus, 137 Ala. 147, 33 South. 821, as applicable to the facts in this case. The appellees insist the principles declared in that case and in Jesse French Co. v. Forbes, 129 Ala. 471, 29 South. 683, 87 Am. St. Rep. 71, should govern and control in this cause. These cases have no conclusive or persuasive bearing on the facts of this case. The facts are strikingly different. There an attempt is made to establish an easement in an alley by prescription; here this bill alleges, and it is sustained by the proof, that "complainant is vested with a legal easement in and to said alleyway and a perpetual right to the use of said alleyway, together with the other owners of the said property abutting thereon." The title to this easement in and the right to use of this alley is traced by purchase to a common source, Gustave Beal, in 1836, by the evidence as hereinbefore shown. The right to use the alley is owned by purchase by three persons, and one of the three cotenants is attempting to divest a part of this title of another cotenant owner by adverse possession.

[3] Has the complainant been deprived of the use of this alley, lost her right to use it by adverse possession of it by Mrs. McMahon, under color of title to it under the deed

from her mother? The abstract of title shows her father secured no title to but only the right to use the alley by his deed from Humphries in 1857, and he conveyed by his deed to Anderson, as trustee for Mrs. St. John, her mother, no title to the alley only the right to use it. Mrs. St. John did not own the title to the alley, so this deed from her to respondent on December 4, 1903, conveyed only color of title to this alley in the rear of the lot. It has the appearance of conveying the title, but under the facts conveys no title. Black v. Tenn. C. & I. Co., 93 Ala. 109, 9 South. 537; Crowder v. Doe, ex dem. Tenn. C. & I. Co., 162 Ala. 151, 50 South. 230, 136 Am. St. Rep. 17.

[4] Has Mrs. McMahon had such adverse possession of this alley under that deed as color of title since its execution and recordation that has ripened into a title that will deprive the complainant of her clear legal right to use it in common, jointly, with Dr. Harris and Mrs. McMahon? In Oliver v. Williams, 163 Ala. 383, 50 South. 937, this court stated:

"The rule is that the possession of a tenant in common, without more, is not adverse to the claim of his cotenants. But a repudiation of the rights of his cotenants and a claim of exclusive ownership, brought home to their actual knowledge will convert his holding into an adverse possession."

See, also, Ashford v. Ashford, 136 Ala. 631, 34 South. 10, 96 Am. St. Rep. 82.

This principle is supported and sustained by these cases: Kidd v. Borum, 181 Ala. 160, 61 South. 100, Ann. Cas. 1915C, 1226; Lay v. Fuller, 178 Ala. 379, 59 South. 609; Winsett v. Winsett, 203 Ala. 376, 83 South. 117.

[5] Under color of title duly recorded for 10 years before commencement of suit or under an annual listing of the alley for taxation for 10 years in the proper county prior to the commencement of the suit, or under both, the possession of the alley by one cotenant, that will ripen into title against another cotenant, must be actual, open, notorious, exclusive, hostile, and continuous for the period of 10 years, after actual knowledge of the exclusive ownership claim is brought home to the cotenant. Section 2830, Code 1907, and authorites, supra; section 13, p. 151, 1 Michie Dig. on Adv. Possession.

[6] It is true this conveyance to Mrs. McMahon was recorded in the probate office of Mobile county. It is dated December 4, 1903, describes and conveys that part of the alley in the rear of the residence lot. This part of the alley was in connection with the lot assessed by her for taxes, and the taxes paid on it from 1904 to the commencement of this suit. These facts, without more, were not sufficient to give complainant, her cotenant in the use of this alleyway, actual knowledge of her repudiation of the right of complainant to use the alley. The complainant's right and title to the use of the alleyway was obtained by deed dated September 1, 1884, which was duly recorded, nearly 20 years prior to the conveyance to Mrs. McMahon. The complainant testified she occupied the residence owned by her and used this alleyway for 18 years after September 1, 1884. During this time it was also used by the owners of the other two lots. It appears from the evidence that about 1904 a gate was erected at the entrance to this alleyway, with the consent of complainant and the owners of the other two lots, for the purpose of preventing persons from trespassing therein. The gate was locked, and the respective owners of the three lots or their respective tenants were furnished with a key to the lock. The sidewalk or street or both were paved on St. Anthony street in front of the alley, and the complainant in 1906 made final payment for her one-third of the cost thereof to the city of Mobile. This residence of the complainant was occupied annually from 1904 to 1921 by various tenants, six or seven in number. They each testify and state while they occupied this residence they were furnished with a key to the lock on the alley gate and used the alleyway continuously, when needed, and that Mrs. McMahon and Dr. Harris also used it when they desired in going to and from their respective residences. The complainant and her tenants used this alleyway until in October, 1921, when Mrs. McMahon or her son, Otis McMahon placed or caused to be placed a lock on the gate and refused to give a key to it to them.

It is true that Mrs. McMahon extended a room from the second floor of her residence five feet in air over this alley; but it seldom, if ever, obstructed the use of it. It was some distance above the ground, and simply prevented wagons with high loads from going under it.

The great weight of the evidence clearly indicates that complainant and her tenants and the owners of the other two lots used this alley as a common entrance to their respective residences; that they kept and used it as tenants in common until some time in October, 1921, when the respondent Mrs. McMahon placed or caused to be placed a lock on the gate and refused to give the other cotenants a key to it.

This suit was commenced by the complainant on December 7, 1921, within two months after acquiring actual knowledge of a claim of exclusive ownership of the alley by the respondent Mrs. McMahon. The complainant was not deprived of her legal, valid easement in and to the alley by reason of an adverse possession thereof by the respondent Mrs. McMahon. Mrs. McMahon was not in adverse possession of the alley more than two months, under color of title duly recorded, before this suit was commenced. The respondent had color of title to the alley in the rear of her residence, which was record-

ed, more than 10 years before this suit was commenced, and she annually listed it for taxes and paid taxes on it for more than 10 years before this suit was commenced; but she did not have adverse possession of the alley for 10 years after actual knowledge of her claim of exclusive ownership was given, brought home to the complainant, her cotenant. This was also necessary to defeat the title of complainant to the easement right in the alley. Oliver v. Williams, 163 Ala. 383, 50 South. 937; § 2830, Code 1907, and authorities supra.

The evidence supports and sustains the averments of the bill of complaint. The complainant is entitled to the relief she seeks. She, Mrs. McMahon, the respondent, and Dr. Harris own an easement in this alley; each has the right to use it in going to and from their respective residence lots. Mrs. McMahon and her son, Otis McMahon, will be enjoined from further interfering with or obstructing the use of it by complainant or her tenants occupying her residence; and a decree to this effect will be entered here by this court.

The decree of the trial court is grounded in error. One will be here rendered in accordance with this opinion, and the respondents, appellees, will be taxed with the costs of this and the trial court.

Reversed and rendered.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.