247 So.2d 356

**HARTFORD ACCIDENT AND INDEMNITY CO., a Corp., et al.**

v.

**J. P. KUYKENDALL.**

**6 Div. 785, 785–X.**

Supreme Court of Alabama.

April 15, 1971.

Williams & Evans, Tuscaloosa, for appellant Hartford Accident and Indemnity Co.

Witcher & Young, Birmingham, for appellant Marcus B. White, individually and as administrator of Estate of L. B. White, deceased.

Skidmore, Skidmore, Crownover & Mountain, Tuscaloosa, for appellee.

McCALL, Justice.

This is an appeal from a final decree of the Circuit Court of Tuscaloosa County, in Equity, rendered in favor of the complainant-appellee.

The original suit was instituted by the appellee J. P. Kuykendall against Marcus B. White, individually and as administrator of the estate of L. B. White, deceased, and the surety on his administrator's bond, Hartford Accident and Indemnity Company, a Corporation, hereafter called Hartford. The suit arises out of the execution by L. B. White of two promissory notes, one for $10,000, payable to the order of the First National Bank of Tuscaloosa, and the other for $10,175, payable to the order of the City National Bank of Tuscaloosa. Each note bears on its face the signatures of both the appellee and L. B. White. Both banks filed verified claims against L. B. White's estate for the amounts due on the notes, in the office of the Judge of Probate of the county, within six months after the granting of letters of administration.

After these were declared good and valid claims against the decedent's estate, Hartford purchased the notes for value from the two banks, and the banks transferred them by endorsement, without recourse, to Hartford. Hartford then filed an action in federal court to recover on the notes against the appellee, Kuykendall. The federal court rendered a judgment against the appellee in favor of Hartford on both notes. The appellee paid this judgment, and Hartford canceled the claims of record in the probate court. Thereafter, the appellee, Kuykendall, brought the present suit for a declaration of his rights, against the administrator on the theory that, having paid the obligation of his principal, he, as surety, became subrogated to the rights, remedies and securities of the original payees, and against Hartford on the theory that, having joined in helping to manage the decedent's estate, it aided the administrator in the commission of a devastavit which resulted in considerable financial loss to the estate, and in its becoming insolvent. The suit resulted in a final decree granting the appellee the relief prayed for.

What we said in White v. Hilbish, 282 Ala. 498, 501, 213 So.2d 230, 233, we think appropriate to repeat here:

"Reviews by an appellate court in civil cases are limited by the posture of an appeal as presented by the pleadings, procedure, evidence, assignments of error, and points adequately specified and argued in brief of counsel."

Accordingly, the appellants' assignments of error which are not substantially argued, will not be considered and will be treated as waived. Supreme Court Rule 9, Revised Rules of Practice in the Supreme Court, Tit. 7, Code of Alabama, 1940; Lietz v. Pfuehler, 283 Ala. 282, 215 So.2d 723; Stallworth v. Doss, 280 Ala. 409, 194 So.2d 566.

The appellants complain of a lack of competent evidence to support the trial court's final decree (1) that the appellee,

Kuykendall, signed the notes as a surety rather than as a comaker, and, (2) that the administrator had mismanaged the estate. The appellants set out none of the testimony of the witnesses, in the Statement of the Facts in their brief. Rule 9, supra, states in part:

"* * * [I]f the insufficiency of the evidence to sustain the verdict or finding, in fact or law, is assigned, then the statement shall contain a condensed recital of the evidence given by each witness in narrative form bearing on the points in issue so as to fully present the substance of the testimony of the witness clearly and concisely; * * *"

Since the appellants' brief does not comply with this requirement of Rule 9, we will not review the trial court's finding that the appellee executed the two notes as surety, and that a devastavit had been committed. Albright Equipment Co. v. Waddell, 284 Ala. 329, 224 So.2d 878; Stewart v. Stewart, 284 Ala. 3, 221 So.2d 116; Zanaty v. Hagerty, 280 Ala. 232, 191 So.2d 516; Mothershed v. Mothershed, 274 Ala. 528, 150 So.2d 372.

■ When there is no compliance with the rule, we apply the presumption that the record contains evidence to sustain every finding of fact. Kinsaul v. Florala Telephone Co., 285 Ala. 16, 228 So.2d 777; Evergreen Heading Co. v. Skipper, 276 Ala. 623, 165 So.2d 705; Nixon v. Richardson, 281 Ala. 632, 206 So.2d 877.

■ There was no error in the trial court's permitting parol evidence to show suretyship. The statute, Tit. 9, § 82, Code of Alabama, 1940, is clear on this point and provides:

"Proof of suretyship.—If the fact of suretyship does not appear on the face of the contract, it may be proved by parol, either before or after the judgment."

Tennessee-Hermitage Nat. Bank v. Hagan, 218 Ala. 390, 396, 119 So. 4.

The appellants argue that the "Dead Man's Statute," Tit. 7, § 433, Code of Alabama, 1940, makes the appellee incompetent to testify to any transaction between him and L. B. White, the deceased, and, therefore, he could not testify that he was only a surety on the notes, or that he received none of the consideration.

We have read the appellee's testimony in the record and do not find where he testified that, in signing the notes in question, he did so as surety for the deceased. Neither does the appellants' brief point out any testimony by the appellee to this effect.

There was no error in the trial court's permitting the appellee to testify that he did not receive any of the proceeds of either of the notes which were delivered to the respective banks to secure their loans.

In Gamble v. Whitehead, 94 Ala. 335, 11 So. 293, the plaintiff brought an action against an administrator to recover moneys collected by the defendant's intestate on a note delivered to him by the plaintiff for collection. The defendant claimed his intestate owned the note. At the trial the plaintiff was asked, "Whether she had ever received anything for the said note?" She was permitted to answer in the negative over the defendant's objection, the court saying:

"* * * Neither the question nor the answer relate directly to or shed any direct light upon any transaction with, or statement by, defendant's intestate. * * *"

We think Gilbreath v. Levi, 268 Ala. 148, 105 So.2d 96, also supports our conclusion. There the court allowed the plaintiff to testify that the amount of a check was still due and unpaid by the deceased without violating § 433, Tit. 7, Code of 1940, because this was not testimony as to any transaction with or statement by the deceased, but only to the collateral fact that the amount evidenced by the check was due and unpaid.

■ The appellants next contend that it was error for the court to allow in evidence the testimony of the witnesses, J. C. Hood, Hershel Owens, Thomas P. Hester and Paul Singleton, officers of one or the other of the two banks, because their testimony tended to modify, explain or refute a transaction with a deceased person in violation of Tit. 7, § 433, Code of Alabama, 1940.

After Hartford's judgment, obtained in the federal court, was paid by the appellee, the decedent's estate was obligated in no way to either the banks or their transferee, and their pecuniary interest against the decedent's estate was extinguished. The appellee's interest arose under subrogation, Tit. 9, § 87, Code of Alabama, 1940, and not by an assignment or transfer from Hartford. The banks, therefore, have, in legal contemplation, nothing to gain or lose by the final decree to be rendered in this cause, nor would the record be legal evidence for or against them in any other legal action. Oliver v. Williams, 163 Ala. 376, 50 So. 937.

"* * * 'A case cannot arise for the application of the * * * exception unless it involves a direct, immediate conflict of interests between the dead and the living.'—Ala. Gold Life Insurance Co. v. Sledge, 62 Ala. 566; Manegold v. Massachusetts Life Ins. Co., 131 Ala. 180, 31 So. 86. The statute excludes witnesses on account of pecuniary interest in the result of the suit. 'The true test of the interest of a witness is that he will gain or lose by the direct legal operation or effect of the judgment, or that the record will be legal evidence for or against him in some other action.' —Wormley v. Hamburg, 40 Iowa 22. * * *" Oliver v. Williams, 163 Ala. 376, 383, 50 So. 937, 939.

In Anthony v. Sturdivant, 174 Ala. 521, 56 So. 571, the subject witness, whose testimony concerned the execution of a note by his comaker, was challenged as being incompetent under the statute, § 433 to testify. The witness had received a discharge of the debt in bankruptcy. The court ruled otherwise, saying:

"* * * The witness no longer had a pecuniary interest in the result of the suit; he had in legal contemplation nothing to gain or lose by the judgment to be rendered, nor would the record be legal evidence for or against him in any other action.—Oliver v. Williams, 163 Ala. 376, 50 So. 937. * * * [T]he rule is 'that the interest which will render a witness incompetent to testify must be some legal, certain, and immediate interest in the result of the suit itself, or in the record thereof as an instrument of evidence to support his own claims, or to protect him from an admitted liability.' —Poe v. Dorrah, 20 Ala. 288, * * *"

We think that to deny the appellee the benefit of the testimony in question by an application of the exception in the statute would evade the clear purpose, if not the exact letter of the statute. In Gamble v. Whitehead, 94 Ala. 335, 11 So. 293, the court observed:

"* * * To hold that testimony of the character introduced in this case falls within the bar of the exception, would be to turn a rule, whose beneficent purpose and policy were to protect estates of deceased persons from false claims and imposition, into a means of avoiding the payment of honest debts."

For the reasons set forth, the testimony of these witnesses was properly admitted in evidence.

■ The appellee's claim against the decedent's estate, arising out of his liability as a surety for him, is said to be a contingent claim. What constitutes a contingent claim is found in Fretwell v. McLemore, 52 Ala. 124, 141, where the court said:

"* * * It is only contingent claims —claims which may never accrue—that fall within the provision postponing a presentment 'until eighteen months after

**42**

the same have accrued;' such as the liability of a surety who has no demand against the principal until his payment of the debt for which he is bound. Neil v. Cunningham's Ex'rs, 2 Port. 171; McBroom v. Governor, 6 Port. 32; Cawthorne v. Weisinger, 6 Ala. 714; Hooks & Wright v. Br.[anch] Bank [at] Mobile, 8 Ala. 580; Minter & Gayle v. Br. [anch] Bank [at] Mobile, 23 Ala. 762 [58 Am.Dec. 315]. * * * "

· In Moore v. Stephens, 264 Ala. 86, 84 So.2d 752, we recognized that an exception to the requirement in the Statute of Nonclaim, Tit. 61, § 211, Code of Alabama, 1940, is where the claim is a contingent one. In Edgehill Corporation v. Hutchens, 282 Ala. 492, 213 So.2d 225, the court observed that the legislature as a matter of public policy did not intend to include "contingent claims," as being barred by a six months period from the time of appointment of an administrator or executor, and that an exception to the requirement of the Statute of Nonclaim is where 'the claim is a "contingent" one. Therefore, the provisions of Tit. 61, § 211, Code of Alabama, 1940, the Nonclaim Statute, do not apply to the appellee's claim.

 We cannot treat the · appellants' lone statement, in the argument section of their brief, that Marcus B. White's testimony at another trial in another case between different parties, was inadmissible, since he was present at the instant trial, as being a substantial argument in compliance with Rule 9, supra; Boudrow v. H & R Construction Co., 284 Ala. 60, 222 So.2d 154; Cook v. Latimer, 279 Ala. 294, 184 So.2d 807. We note from the record, however, that when the appellee tendered the former testimony of Mr. White in evidence, and the appellants objected to its introduction, the court stated that the objection would be noted as would all objections. Presumably, the court made no ruling on the objection interposed in view of the statute, Tit. 7, § 372(1), Code of Alabama, 1940, as Recompiled 1958. Since there had been ·no·reception· of·the questioned testimony in evidence, we think that the appellants' subsequent motion to exclude this testimony was not well taken. Consequently, the court committed no error in denying the motion to exclude it. There is a presumption that the trial court did not consider any illegal, incompetent or irrelevant evidence. Long v. Ladd, 273 Ala. 410, 142 So.2d 660.

The final decree of the trial court is due to be affirmed.

Affirmed.

HEFLIN, C. J., and SIMPSON, COLEMAN, and BLOODWORTH, JJ., concur.