569 So.2d 697 (1990)
ALABAMA KRAFT COMPANY, A DIVISION OF GEORGIA KRAFT COMPANY (now known as Inland-Rome, Inc.) (plaintiff)
v.
The SOUTHEAST ALABAMA GAS DISTRICT and Duff & Phelps, Inc. (defendants).
DUFF & PHELPS, INC. (third-party plaintiff)
v.
Vera SMITH, as executrix of the estate of Robert J. Smith, deceased (third-party defendant).
89-715-CER.
Supreme Court of Alabama.
September 28, 1990.
Warren B. Lightfoot and Madeline H. Haikala of Lightfoot, Franklin, White & Lucas, Birmingham, and Robert H. Harris and James N. Walter, Jr. of Capell, Howard, Knabe & Cobbs, Montgomery, for Alabama Kraft Co.
John R. Matthews, Jr. and Clyde C. Owen, Jr. of Ball, Ball, Matthews & Novak, Montgomery, and Edward C. Fitzpatrick and Patrick E. Deady of Lord, Bissell & Brook, Chicago, Ill., for Duff & Phelps, Inc.
M. Roland Nachman, Jr. and James A. Byram, Jr. of Balch & Bingham, and Griffin Sikes, Montgomery, for Vera Smith, as executrix of the estate of Robert J. Smith, deceased.
HORNSBY, Chief Justice.
Pursuant to Rule 18, A.R.App.P., this Court accepted the following certified questions from the United States District Court:
"1. Is Duff & Phelps' claim against Smith's estate barred by the Alabama Statute of Nonclaim, § 43-2-350(b), Code *698 of Alabama 1975, or is it a `contingent claim' within the exception to that statute?
"2. Does Duff & Phelps' claim survive Smith's death by virtue of § 6-5-462, Code of Alabama 1975, and/or § 6-5-464, Code of Alabama 1975?"
The following statement of facts accompanied the certified questions:
"Defendant/Third-Party Plaintiff Duff & Phelps, Inc. (`Duff & Phelps'), was a management consultant to defendant Alabama Gas District (the `Gas District') from April 1, 1955 until April 30, 1984 (Third-Party Complaint, ¶ 6). Under the terms of the management consultant agreements, Duff & Phelps provided a resident `general manager' for the Gas District to manage and administer the natural gas business of the Gas District under the supervision and control of the Gas District's board of directors (Third-Party Complaint, ¶ 8). From June 1, 1956 through April 30, 1984, Duff & Phelps provided Robert J. Smith (hereinafter `Smith') to serve as a general manager. Smith was employed as a vice president of Duff & Phelps from June 1, 1956, to December 31, 1982, and as an independent consultant to Duff & Phelps from January 1, 1983 to April 30, 1984 (Third-Party Complaint, ¶ 9).
"On June 9, 1989, plaintiff Alabama Kraft Company (`Alabama Kraft') filed its First Amended Complaint which added Duff & Phelps as a party to its case pending against the Gas District. The First Amended Complaint avers that Smith was aware that the Gas District had received substantial refunds from its supplier, Southern Natural Gas, which were applicable to gas supplied by the Gas District to Alabama Kraft, and that while employed by Duff & Phelps, Smith determined and directed that these refunds not be passed on to Alabama Kraft, contrary to Alabama Kraft's contract with the Gas District. Smith also allegedly determined and directed that the existence of the refunds be suppressed and concealed from Alabama Kraft. Alabama Kraft also alleges upon information and belief that other agents and employees of the Gas District and/or Duff & Phelps were also aware of such refunds and participated in the suppression and concealment of such refunds from Alabama Kraft (First Amended Complaint, ¶ 28). Alabama Kraft avers that the actions of the Gas District and Duff & Phelps constitute fraud by suppression of material fact under § 6-5-102, Code of Alabama 1975, fraud by deceit under §§ 6-5-103 and 104, Code of Alabama 1975, fraud as defined by § 6-11-20(b)(1), Code of Alabama 1975, conspiracy to defraud, and interference with Alabama Kraft's contractual relationships (First Amended Complaint, ¶¶ 36, 40, 43, 45, 48, 51).
"On October 6, 1989, Duff & Phelps filed a Third-Party Complaint against the Estate of Robert J. Smith, averring that if Duff & Phelps is liable to Kraft for failing to turn the refunds over to Kraft, then the Estate of Smith is liable to Duff & Phelps for indemnification (Third-Party Complaint, ¶ 12) because:
"(a) Alabama Kraft's claims against Duff & Phelps are premised on the actions and conduct of Smith (Third-Party Complaint, ¶ 11);
"(b) Any decision by Smith not to pass through the refunds received by the Gas District was made without proper authority, was never communicated to Duff & Phelps and was never approved, adopted, or ratified by Duff & Phelps (Third-Party Complaint, ¶ 12a); and
"(c) Smith's acts and omissions constituted a breach of his duty to exercise reasonable care in the performance of his duties, responsibilities, and obligations as an employee of Duff & Phelps (Third-Party Complaint, ¶ 12b).
"Duff & Phelps also averred that it was unaware of the claim against it arising out of Smith's conduct until it was served with the First Amended Complaint on June 12, 1989, and that its claim against Smith had not accrued at the time of Smith's death and is dependent on Duff & Phelps' being held liable to *699 Alabama Kraft for the conduct of Smith (Third-Party Complaint, ¶ 14).
"Based upon the foregoing averments, Duff & Phelps seeks judgment against the Smith Estate for indemnification for any monetary judgment rendered against it in favor of Alabama Kraft (Third-Party Complaint, ad damnum clause).
"Robert J. Smith died on September 5, 1987. Vera Smith was issued Letters Testamentary as Executrix of the Estate of Robert J. Smith on September 14, 1987. Newspaper notices were duly published on September 19 and 26, 1987, and October 3, 1987. Duff & Phelps did not file a claim against the Estate of Smith within six months after the grant of Letters Testamentary to Vera Smith (or at any other time), as provided for by the Alabama Statute of Nonclaim, § 43-2-350, Code of Alabama 1975.
"On November 2, 1989, Smith's estate moved to dismiss the Third-Party Complaint, or alternatively for summary judgment, on the grounds that: (1) the Third-Party Complaint was barred by the Alabama Statute of Nonclaim, § 43-2-350, Code of Alabama 1975, since no claim was filed within six months (or at any time) after the date the Letters Testamentary were issued for the Estate; and (2) the Third-Party Complaint does not survive Smith's death, and is barred by the provisions of § 6-4-462, Code of Alabama 1975."

ANSWER

Question 1: "Is Duff & Phelps' claim against Smith's Estate barred by the Alabama Statute of Nonclaim, § 43-2-350(b), Code of Alabama 1975, or is it a `contingent claim' within the exception to that statute?"

"Section 43-2-350(b) provides, in part, as follows:
"All claims against the estate of a decedent, other than the claims referred to in subsection (a) of this section, whether due or to become due, must be presented within six months after the grant of letters, or within five months from the date of the first publication of notice, whichever is the later to occur, provided however, that any creditor entitled to actual notice as prescribed in section 43-2-61 must be allowed thirty days after notice within which to present the claim, and if not presented within that time, they are forever barred and the payment or allowance thereof is prohibited."
The purpose of § 43-2-350(b) is "`to promote a speedy, safe and definitive settlement of estates by giving the personal representative notice of all claims against the estate in his hands.'" Moore v. Stephens, 264 Ala. 86, 91, 84 So.2d 752, 758 (1956) (quoting Smith v. Fellows, Adm'r, 58 Ala. 467 (1877); see, e.g., Lett v. Watts, 463 So.2d 138 (Ala.1984); Motley v. Battle, 368 So.2d 20 (Ala.1979); Fretwell v. McLemore, 52 Ala. 124 (1875). The phrase "[a]ll claims against the estate of a decedent" has been interpreted to include both contract and tort claims. Ivory v. Fitzpatrick, 445 So.2d 262 (Ala.1984); Fox v. Wood, 382 So.2d 1118 (Ala.1980); Moore v. Stephens, supra. See also Motley v. Battle, supra (phrase applies to counterclaims). However, this Court has long recognized an exception to the presentment requirement under § 43-2-350(b) for contingent claims that have not accrued at the time letters testamentary have been issued. See Hartford Accident & Indem. Co. v. Kuykendall, 287 Ala. 36, 247 So.2d 356 (1971); Fretwell v. McLemore, supra, and Jones' Executors v. Lightfoot, 10 Ala. 17 (1846). This Court stated in Fretwell:
"All claims whether absolute or conditional, whether payable presently or in the future, are within the statute. It is only contingent claimsclaims which may never accruethat fall within the provision postponing a presentation `until eighteen months after the same have accrued'; such as the liability of a surety who has no demand against the principal until his payment of the debt for which he is bound. Or the claim which was the subject of suit in Pinkston v. Huie (9 Ala. 252) [until minor became of age, no claim existed because no determination could be made as to whether the principal *700 obligor defaulted], dependent on a future contingency which might never happen. `But the contingency excepted from the operation of the statute cannot depend upon the action of the court in granting or refusing relief. If the party is not entitled to a judgment or decree at the hands of the court, he has no claim against the estate, and there is an end of the controversy. If he is, it cannot be considered as contingent, whether it will be granted or refused.'"
52 Ala. at 140-41 (citations omitted). In Moore v. Stephens, supra, this Court further defined a "contingent claim" as excluding claims for unliquidated damages:
"`A claim in tort, as to which a right of action arose immediately upon the doing of a wrong, may not be proved as a debt, but it is by no means a contingent claim. Whether the claimant in tort will recover, is uncertain; but this is true of all claimants, whatever be the nature of their claims, whether for liquidated or unliquidated damages or whether the claim arises in tort or in contract; and, if such claimants are allowed to recover, the amount of the damages which may be awarded is uncertain, but these circumstances do not render their claims contingent. A "contingent claim," within the meaning of the statute, is one that depends for its effect upon some future event which may or may not happen. Until that event happens a right of action upon such claim does not arise. The evident purpose of the statute would be defeated if we should exempt from its operation persons having claims arising in tort or for unliquidated damages.'"
264 Ala. at 89, 84 So.2d at 755-56 (quoting Hicks v. Wilbur, 38 R.I. 268, 94 A. 872 (1915)) (emphasis added).
This Court has held that one who acts as a surety is not barred from bringing a claim against his principal. In Hartford Accident & Indem. Co. v. Kuykendall, supra, J.P. Kuykendall brought suit for a declaration of his rights against the administrator of the estate of L.B. White. Kuykendall had allegedly acted as a surety for L.B. White on two promissory notes. He argued that because he paid the notes as surety he had a claim against the decedent's estate and that the claim was not barred under the nonclaim statute. This Court held that Kuykendall's claim was contingent and therefore fell under the nonclaim statute exception. See Fretwell v. McLemore, supra; see also Edgehill Corp. v. Hutchens, 282 Ala. 492, 213 So.2d 225 (1968) (rent claim was contingent where lease provided for contingencies).
Principal-surety relationships are similar to master-servant or principal-agent relationships because in both cases a principal, master, or one acting as a surety may recover from his agent, servant, or principal, respectively, once the underlying liability or obligation is paid. In In re Covington Grain Co., 638 F.2d 1357, 1362 (5th Cir.1981), the court stated that "[u]nder the principles enunciated in American Southern Insurance Co. v. Dime Taxi Service, Inc., ... a master is entitled to recover from his servant damages which the master has been required to pay by reason of the negligence of his servant." In American Southern Ins. Co. v. Dime Taxi Serv., Inc., 275 Ala. 51, 151 So.2d 783 (1963), this Court stated that a master could collect from its servant (or its servant's liability insurer) damages paid by reason of its legal responsibility for the servant's negligent acts. See Huey v. Dykes, 203 Ala. 231, 82 So. 481 (1919). This right of indemnity is usually founded upon an implied contract or legal duty. See Travelers Indemnity Co. v. Firestone Tire & Rubber Co., 360 F.Supp. 1328 (S.D.Ala.1973); Belcher v. Birmingham Trust Nat'l Bank, 348 F.Supp. 61 (N.D.Ala.), stay denied, 395 F.2d 685 (5th Cir.1968). Such a right to indemnity does not arise, however, until one acting as surety satisfies his principal's obligation, or until a master or principal pays damages arising from his servant's or agent's negligent or fraudulent acts. Nevertheless, this Court recognizes a difference between principal-surety relations and master-servant or principal-agent relations, because a master or principal in an agency situation normally has more control over its servant or agent than does one who acts as surety. We find that the right *701 to indemnification for a master or principal is contingent and falls within the established exception to § 43-2-350(b). However, a master or principal in an agency relationship must prove that he or she, acting with reasonable diligence, did not or could not discover the servant's or agent's tortious acts resulting in the claim against the master or principal.
Duff & Phelps's claim is not barred by § 43-2-350(b), because it is contingent in nature and thus falls within the established exception to § 43-2-350(b). Because Duff & Phelps may proceed with its claim without bar, we find it unnecessary to consider the second question.
QUESTION ANSWERED.
JONES, ALMON, SHORES, ADAMS and KENNEDY, JJ., concur.
MADDOX and STEAGALL, JJ., dissent.
MADDOX, Justice (dissenting).
Because I think that Duff & Phelps's claim is not a "contingent claim," and thus is barred, I must respectfully dissent.
The words "all claims against the estate of a decedent" in Ala.Code 1975, § 43-2-350(b), include tort claims. Ivory v. Fitzpatrick, 445 So.2d 262 (Ala.1984). This Court has recognized an exception to the presentment requirement in the Alabama statute of nonclaim for contingent claims that have not accrued at the time the letters testamentary issue. See Hartford Accident & Indem. Co. v. Kuykendall, 287 Ala. 36, 247 So.2d 356 (1971); Fretwell v. McLemore, 52 Ala. 124 (1875), and Jones' Executors v. Lightfoot, 10 Ala. 17 (1846). This Court stated in Fretwell:
"All claims whether absolute or conditional, whether payable presently or in the future, are within the statute. [Citations omitted.] It is only contingent claimsclaims which may never accruethat fall within the provision postponing a presentation `until eighteen months after the same have accrued;' such as the liability of a surety who has no demand against the principal until his payment of the debt for which he is bound."
52 Ala. at 140-41. In Moore v. Stephens, 264 Ala. 86, 84 So.2d 752 (1956), this Court further defined a "contingent claim" as excluding claims for unliquidated damages:
"`A "contingent claim," within the meaning of the statute, is one that depends for its effect upon some future event which may or may not happen. Until that event happens a right of action upon such claim does not arise. The evident purpose of the statute would be defeated if we should exempt from its operation persons having claims arising in tort or for unliquidated damages.'"
264 Ala. at 89, 84 So.2d at 755-56 (quoting Hicks v. Wilbur, 38 R.I. 268, 94 A. 872 (1915)).
Duff & Phelps argues that its claim for indemnification against Smith's estate is a contingent claim in that it would never have accrued if Alabama Kraft Company had not sued it; in other words, Duff & Phelps argues that it will have suffered no legal injury until it is required to pay damages to Alabama Kraft, if it is so required. I am of the opinion that Duff & Phelps misconstrues the nature of the claim it has against Robert J. Smith's estate. Duff & Phelps's indemnification claim is based upon the alleged negligence of Smith in not passing the gas refunds on to Alabama Kraft. Smith's alleged failure to perform his duties with due care constitutes legal injury, whether or not the full amount of the damages is known or apparent; Smith's actions occurred during his lifetime, and Duff & Phelps certainly would have been able to sue Smith for his alleged breach of duty immediately after it occurred, regardless of whether the full amount of the damages was known. As this Court stated recently in Watson, Watson, Rutland/Architects, Inc. v. Montgomery County Bd. of Educ., 559 So.2d 168, 175 (Ala.1990):
"[A] negligence cause of action accrues as soon as the plaintiff is entitled to maintain the action, i.e., at the time of the first legal injury, regardless of whether the full amount of damages is *702 apparent. Armstrong v. Life Ins. Co. of Virginia, 454 So.2d 1377 (Ala.1984)."
Here, Duff & Phelps's claim is for the allegedly negligent acts of Smith occurring while he was alive. The alleged circumstance that Duff & Phelps did not know that the gas refunds had been withheld would not constitute an exception to the statute of limitations. "[N]either difficulty of ascertainment nor ignorance of the cause of action will toll the statute of limitations unless superinduced by fraud." Garrett v. Raytheon Co., 368 So.2d 516, 520 (Ala.1979). However, even fraud is not an exception that will extend the time under the nonclaim statute. Yniestra v. Tarleton, 67 Ala. 126, 129 (1880).
The settlement of estates is a desirable goal. In this case, the principal has been sued. Its agent allegedly committed the wrong. The question is: Should the principal, if sued after its agent dies, be able to seek indemnification from the estate of the agent if the principal is found to be liable. I would answer "yes, if" the claim is filed within the period allowed by law.
I would hold that Duff & Phelps's claim against Smith's estate is not a "contingent claim" so as to be excepted from § 43-2-350(b). Therefore, I would answer that Duff & Phelps's claim against Smith's estate is barred by § 43-2-350(b).
STEAGALL, J., concurs.